OPINION OF THE COURT
Wachtler, J.
This appeal presents for our consideration the question of the proper role of the civil courts in deciding a matter touching upon religious concerns. At issue is the enforceability of the terms of a document, known as a Ketubah, which was entered into as part of the religious marriage ceremony in this case. The Appellate Division held this to be a religious covenant beyond the jurisdiction of the civil courts. However, we find nothing in law or public policy to prevent judicial recognition and enforcement of the secular terms of such an agreement. There should be a reversal.
Plaintiff and defendant were married on May 22,1966 in a ceremony conducted in accordance with Jewish tradition. Prior to the marriage ceremony, the parties signed both a Hebrew/Aramaic and an English version of the “Ketubah”. According to the English translation, the Ketubah evidences both the bridegroom’s intention to cherish and provide for his wife as required by religious law and tradition and the bride’s willingness to carry out her obligations to her husband in faithfulness and affection according to Jewish law and tradition. By signing the Ketu *112 bah, the parties declared their “desire to * * * live in accordance with the Jewish law of marriage throughout [their] lifetime” and further agreed as follows: “[W]e, the bride and bridegroom * * * hereby agree to recognize the Beth Din of the Rabbinical Assembly and the Jewish Theological Seminary of America or its duly appointed representatives, as having authority to counsel us in the light of Jewish tradition which requires husband and wife to give each other complete love and devotion, and to summon either party at the request of the other, in order to enable the party so requesting to live in accordance with the standards of the Jewish law of marriage throughout his or her lifetime. We authorize the Beth Din to impose such terms of compensation as it may see fit for failure to respond to its summons or to carry out its decision.”
Defendant husband was granted a civil divorce upon the ground of cruel and inhuman treatment on May 16, 1978. Notwithstanding this civil divorce, plaintiff wife is not considered divorced and may not remarry pursuant to Jewish law, until such time as a Jewish divorce decree, known as a “Get”, is granted. In order that a Get may be obtained plaintiff and defendant must appear before a “Beth Din”, a rabbinical tribunal having authority to advise and pass upon matters of traditional Jewish law. Plaintiff sought to summon defendant before the Beth Din pursuant to the provision of the Ketubah recognizing that body as having authority to counsel the couple in the matters concerning their marriage.
Defendant has refused to appear before the Beth Din, thus preventing plaintiff from obtaining a religious divorce. Plaintiff brought this action, alleging that the Ketubah constitutes a marital contract, which defendant has breached by refusing to appear before the Beth Din, and she seeks relief both in the form of a declaration to that effect and an order compelling defendant’s specific performance of the Ketubah’s requirement that he appear before the Beth Din. Defendant moved to dismiss the complaint upon the grounds that the court lacked subject matter jurisdiction and the complaint failed to state a cause of action, arguing that resolution of the dispute and any grant of relief to plaintiff would involve the civil court in *113 impermissible consideration of a purely religious matter. Plaintiff, in addition to opposing the motion, cross-moved for summary judgment.
Special Term denied defendant’s motion to dismiss, noting that plaintiff sought only to compel defendant to submit to the jurisdiction of the Beth Din, an act which plaintiff had alleged defendant bound himself to do. That being the only object of the lawsuit, Special Term was apparently of the view that the relief sought could be granted without impermissible judicial entanglement in any doctrinal issue. The court also denied plaintiff’s motion for summary judgment, concluding that issues concerning the translation, meaning and effect of the Ketubah raised factual questions requiring a plenary trial.
The Appellate Division modified, granting defendant’s motion to dismiss. Inasmuch as the Ketubah was entered into as part of a religious ceremony and was executed, by its own terms, in accordance with Jewish law, the court concluded that the document constitutes a liturgical agreement. The Appellate Division held such agreements to be unenforceable where the State, having granted a civil divorce to the parties, has no further interest in their marital status.
Accepting plaintiff’s allegations as true, as we must in the context of this motion to dismiss, it appears that plaintiff and defendant, in signing the Ketubah, entered into a contract which formed the basis for their marriage. Plaintiff has alleged that, pursuant to the terms of this marital contract, defendant promised that he would, at plaintiff’s request, appear before the Beth Din for the purpose of allowing that tribunal to advise and counsel the parties in matters concerning their marriage, including the granting of a Get. It should be noted that plaintiff is not attempting to compel defendant to obtain a Get or to enforce a religious practice arising solely out of principles of religious law. She merely seeks to enforce an agreement made by defendant to appear before and accept the decision of a designated tribunal.
Viewed in this manner, the provisions of the Ketubah relied upon by plaintiff constitute nothing more than an agreement to refer the matter of a religious divorce to a *114 nonjudicial forum. Thus, the contractual obligation plaintiff seeks to enforce is closely analogous to an antenuptial agreement to arbitrate a dispute in accordance with the law and tradition chosen by the parties. There can be little doubt that a duly executed antenuptial agreement, by which the parties agree in advance of the marriage to the resolution of disputes that may arise after its termination, is valid and enforceable (e.g., Matter of Sunshine, 40 NY2d 875, affg 51 AD2d 326; Matter of Davis, 20 NY2d 70). Similarly, an agreement to refer a matter concerning marriage to arbitration suffers no inherent invalidity (Hirsch v Hirsch, 37 NY2d 312; see Bovomer v Bowmer, 50 NY2d 288, 293). This agreement — the Ketubah — should ordinarily be entitled to no less dignity than any other civil contract to submit a dispute to a nonjudicial forum, so long as its enforcement violates neither the law nor the public policy of this State (Hirsch v Hirsch, supra, at p 315).
Defendant argues, in this connection, that enforcement of the terms of the Ketubah by a civil court would violate the constitutional prohibition against excessive entanglement between church and State, because the court must necessarily intrude upon matters of religious doctrine and practice. It is urged that the obligations imposed by the Ketubah arise solely from Jewish religious law and can be interpreted only with reference to religious dogma. Granting the religious character of the Ketubah, it does not necessarily follow that any recognition of its obligations is foreclosed to the courts.
It is clear that judicial involvement in matters touching upon religious concerns has been constitutionally limited in analogous situations, and courts should not resolve such controversies in a manner requiring consideration of religious doctrine (Presbyterian Church v Hull Church, 393 US 440, 449; Serbian Orthodox Diocese v Milivojevich, 426 US 696, 709; Jones v Wolf, 443 US 595, 603; see, e.g., Reardon v Lemoyne, _ NH _ [Dec. 23, 1982]). In its most recent pronouncement on this issue, however, the Supreme Court, in holding that a State may adopt any approach to resolving religious disputes which does not entail consideration of doctrinal matters, specifically approved the use of the “neutral principles of law” approach as consistent with *115 constitutional limitations (Jones v Wolf, supra, at p 602). This approach contemplates the application of objective, well-established principles of secular law to the dispute (id., at p 603), thus permitting judicial involvement to the extent that it can be accomplished in purely secular terms.
The present case can be decided solely upon the application of neutral principles of contract law, without reference to any religious principle. Consequently, defendant’s objections to enforcement of his promise to appear before the Beth Din, based as they are upon the religious origin of the agreement, pose no constitutional barrier to the relief sought by plaintiff. The fact that the agreement was entered into as part of a religious ceremony does not render it unenforceable. Solemnization of the marital relationship often takes place in accordance with the religious beliefs of the participants, and this State has long recognized this religious aspect by permitting duly authorized pastors, rectors, priests, rabbis and other religious officials to perform the ceremony (Domestic Relations Law, § 11, subds 1, 7). Similarly, that the obligations undertaken by the parties to the Ketubah are grounded in religious belief and practice does not preclude enforcement of its secular terms. Nor does the fact that all of the Ketubah’s provisions may not be judicially recognized prevent the court from enforcing that portion of the agreement by which the parties promised to refer their disputes to a nonjudicial forum (see Ferro v Bologna, 31 NY2d 30, 36). The courts may properly enforce so much of this agreement as is not in contravention of law or public policy.
In short, the relief sought by plaintiff in this action is simply to compel defendant to perform a secular obligation to which he contractually bound himself. In this regard, no doctrinal issue need be passed upon, no implementation of a religious duty is contemplated, and no interference with religious authority will result. Certainly nothing the Beth Din can do would in any way affect the civil divorce. To the extent that an enforceable promise can be found by the application of neutral principles of contract law, plaintiff will have demonstrated entitlement to the relief sought. Consideration of other substantive issues beaming upon plaintiff’s entitlement to a religious divorce, however, is *116 appropriately left to the forum the parties chose for resolving the matter.
Accordingly, the order of the Appellate Division should be reversed, with costs, and defendant’s motion to dismiss the complaint denied.