■ LOOMIS J. GROSSMAN, JR., et al., Appellants-Respondents, v PHARMHOUSE CORP. et al., Respondents-Appellants. (Appeal

No. 1.) [651 NYS2d 797] —Cross appeal unanimously dismissed and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action arises out of a dispute over water service in a shopping center of which plaintiffs are the owners and Pharmhouse Corp. (defendant) is the primary tenant. The dispute arose when defendant discovered that for many years it had been paying for water service to two other tenants, one of which is a laundromat. That error was the result of there being only one water line and one meter for the entire shopping center. As a result of that discovery, defendant threatened to cut off the other tenants' water service and eventually did so. Plaintiffs commenced this action seeking injunctive, declaratory, and monetary relief. Defendant counterclaimed, seeking a declaratory judgment and damages.

Supreme Court erred in dismissing the first four causes of action of the amended complaint. A motion to dismiss under CPLR 3211 (a) (7) should not be granted unless, within the four corners of the pleading, liberally construed, the pleader has failed to state a cause of action, or unless documents and other submissions establish conclusively that plaintiff has no cause of action (*see, Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636). Here, each of the four causes of action states a cognizable claim for injunctive, declaratory, or monetary relief based on theories of breach of contract or tortious interference with a contract. We disagree with the court's interpretation of the lease as not imposing an obligation on defendant to maintain or repair the water line insofar as it benefitted other tenants, and the court's conclusion that plaintiffs cannot enjoin or collect damages for defendant's termination of water service to other tenants. Under our interpretation of the lease, the parties' dispute over the meaning of the phrase "demised premises" is irrelevant. The water line is an appurtenance serving the premises leased to defendant, regardless of whomever else it may serve.

In any event, that part of paragraph seventh of the lease is irrelevant, inasmuch as the first four causes of action are not based on defendant's obligation to maintain or repair the water line or pay for water, but rather defendant's lack of power to terminate water service to other tenants. In our view, the lease may not be interpreted to grant defendant the right to interfere with water service to other tenants. The relevant lease provisions are that portion of paragraph seventh that requires defendant to "use all reasonable precaution to prevent waste, damage or injury" to the demised premises, and that

portion of paragraph eighth that provides that defendant "will not consent that the demised premises be * * * damaged * * * [and] that no * * * alteration to or upon the demised premises shall be made which shall endanger the safety of the building." In our view, those provisions prohibit defendant from interfering with water service to other tenants. In any event, defendant's obligation to refrain from destructively cutting off the other tenants' water supply exists independent of the lease and arises from general principles of law and equity. We therefore modify the order by denying defendants' cross motion and by reinstating the first four causes of action of the amended complaint.

With respect to defendant's cross appeal from that order, in which defendant argues that the court should have declared that defendant was entitled to terminate the water supply to the other tenants, we conclude that defendant's cross appeal must be dismissed as moot (cf., Ruggerio v Ruggerio, 173 AD2d 595, 597; Cioffi v Town of Guilderland, 124 AD2d 319; Soffer v Elmendorf, 108 AD2d 954, 955). Defendant's second counterclaim was subsequently dismissed on plaintiffs' motion, and defendant failed to appeal from that later order.

With respect to plaintiffs' appeal from the later order, we conclude that the court properly denied plaintiffs' motion for partial summary judgment dismissing defendant's first counterclaim. The court denied that portion of plaintiffs' motion "without prejudice to its renewal after defendants have had the opportunity to complete discovery." Pursuant to CPLR 3212 (f), the court had discretion to deny the motion "to permit affidavits to be obtained or disclosure to be had". In any event, we reject plaintiffs' contentions that the first counterclaim does not state a claim for fraud; that it fails to meet the specificity requirements of CPLR 3016 (b); that it fails to state a claim for unjust enrichment; that the claim, whether it sounds in fraud or unjust enrichment, must be dismissed in whole or in part on the ground that it is time-barred; and that the claim does not support a request for punitive damages. (Appeals from Order of Supreme Court, Oneida County, Buckley, J.—Permanent Injunction.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.