OPINION OF THE COURT
 

 Wesley, J.
 

 Plaintiff Park Slope Jewish Center appeals from the dismissal of its complaint seeking compensation for use and occupancy of its premises by defendant Congregation B’nai Jacob and ejectment of defendant from the premises. Supreme Court dismissed the complaint, holding that it presents a controversy over religious doctrine that the courts cannot resolve, and the Appellate Division affirmed. We disagree and reverse.
 

 This dispute has had a vigorous and litigious life since its genesis in May 1983. The dispute began when a majority of the members of plaintiff’s congregation voted to grant women equal rights of worship. The members of the congregation who could not abide by that decision formed their own congregation, which has since been incorporated as defendant.
 

 In the same year that the vote took place, plaintiff commenced an action sounding in trespass against defendant’s members. In May 1984, the action was resolved by a stipulation in Supreme Court. Under the terms of the stipulation, plaintiff retained ownership of the premises; plaintiff would conduct its services in the main sanctuary, while defendant would have the right to use the lower sanctuary for its services; defendant would pay plaintiff $460 per month for use and occupancy of the lower sanctuary; defendant’s members
 
 *520
 
 could become members of plaintiff on the same terms as plaintiff’s members, but plaintiff had the right to determine its membership criteria without limitation; any membership dues paid by defendant’s members to plaintiff would be credited against the payments for use and occupancy; neither party would interfere with the other party’s services, programs, membership enrollments, visitors or individual members; and, should the building be sold or demolished, net proceeds would be distributed 70% to plaintiff and 30% to defendant.
 

 After several of defendant’s members submitted membership applications to plaintiff, plaintiff amended its bylaws to require that its members support the equality of women in religious services. Thereafter, defendant’s members moved in the prior action to have the amended bylaws declared void. Supreme Court granted the motion, holding that the parties’ stipulation barred the amendment
 
 (Park Slope Jewish Ctr. v Stern,
 
 128 Misc 2d 909). On appeal, the Appellate Division reversed, holding that judicial resolution of the membership dispute would violate the Establishment Clause of the United States Constitution (128 AD2d 847). We dismissed an appeal from that order for nonfinality (70 NY2d 746).
 

 On remittal, despite the determination by the Appellate Division that the dispute was not justiciable, Supreme Court issued an order purporting to permit defendant to take a credit against its use and occupancy payments for its members who had applied for membership with plaintiff but had been denied. We dismissed an appeal from that order for lack of finality (72 NY2d 873). From the time of that Supreme Court order, defendant has not tendered any payments to plaintiff for use and occupancy of the premises.
 

 After plaintiff commenced three eviction actions against defendant in Kings County Civil Court (all eventually dismissed), defendant commenced an action to declare the rights and obligations of the parties to the stipulation. In January 1991, a different Justice of Supreme Court, Kings County, noted his disagreement with the prior order purporting to allow defendant to offset its use and occupancy payments, but nevertheless granted a motion by Park Slope Jewish Center for summary judgment dismissing the complaint. On appeal, the Appellate Division affirmed, stating that the complaint did not allege any cause of action that was ripe for judicial review
 
 (B’Nai Jacob v Park Slope Jewish Ctr.,
 
 199 AD2d 296).
 

 In the meantime, plaintiff commenced the present action seeking payment for 72 months’ use and occupancy and for
 
 *521
 
 ejectment of defendant from the premises. Plaintiff moved and defendant cross-moved for summary judgment. Supreme Court denied plaintiff’s motion and defendant’s cross motion, dismissing the complaint based upon the prior holding of the Appellate Division that the courts could not resolve this "religious” dispute. The Appellate Division affirmed, holding that "judicial resolution of the dispute would violate the Establishment Clause of the First Amendment of the United States Constitution” (230 AD2d 779 [citations omitted]). Plaintiff appealed, and defendant cross-appealed. We dismissed defendant’s cross appeal because defendant was not a party aggrieved by the court’s order (89 NY2d 964). We now reverse.
 

 In
 
 First Presbyt. Church v United Presbyt. Church
 
 (62 NY2d 110,
 
 cert denied
 
 469 US 1037), we were faced with a dispute between a local church (the plaintiff) and its denominational church organization (one of several defendants) that involved, among other things, the power to control the property of the local church. We recognized that the First Amendment to the United States Constitution prevented the courts from addressing issues such as the right of the local church to withdraw from the regional church, because any such ruling would "simultaneously establish one religious belief as correct for the organization while interfering with the free exercise of the opposing faction’s beliefs” (62 NY2d, at 116). Nevertheless, we held that the courts could properly entertain the plaintiff’s complaint to the extent that the plaintiff sought to enjoin the defendants from interfering with the plaintiff’s use of the property, because the courts could do so without having to decide which body had authority to control the property under church law (62 NY2d, at 118).
 

 We recognized that church property disputes implicate the Establishment and Free Exercise Clauses of the First Amendment to the United States Constitution, but we also recognized that courts are free to decide such disputes if they can do so without resolving underlying controversies over religious doctrine. In so doing, we adopted and applied the "neutral principles of law” analysis as a matter of State law which had been developed by the United States Supreme Court for use in church property disputes
 
 (First Presbyt. Church v United Presbyt. Church, supra, 62
 
 NY2d, at 119-120;
 
 see also, Jones v Wolf,
 
 443 US 595;
 
 Presbyterian Church v Hull Church,
 
 393 US 440).
 

 Under that analysis, courts focus not only on the language of instruments such as deeds, but also on such factors as "the terms of the local church charter, the State statutes governing
 
 *522
 
 the holding of church property, and the provisions in the constitution of the general church concerning the ownership and control of church property”, as long as the courts take "special care to scrutinize the documents in purely secular terms and not to rely on religious precepts in determining whether they indicate that the parties have intended [a particular result]”
 
 (First Presbyt. Church v United Presbyt. Church, supra,
 
 62 NY2d, at 122).
 

 The dispute in the present case can similarly be resolved by the application of neutral principles of law. "[N]o doctrinal issue need be passed upon, no implementation of a religious duty is contemplated, and no interference with religious authority will result”
 
 (Avitzur v Avitzur,
 
 58 NY2d 108, 115,
 
 cert denied
 
 464 US 817).
 

 In particular, the stipulation entered into by the parties in Supreme Court in 1984 provides the framework for the resolution of this dispute. The stipulation settled a dispute between congregations that arose out of a religious disagreement but was resolved in secular terms, setting forth the ownership of the premises, the area of the synagogue that each congregation could use, the payment for use, and the percentage that each congregation would receive upon sale or demolition. The stipulation also provides that it does not limit plaintiff’s right to determine its membership criteria. Enforcement of that provision does not require a State court to determine whether a particular criterion is in violation of religious law. The court can determine the amount of membership credits against the use and occupancy payments based upon the number of defendant’s members who have been admitted to membership in plaintiff’s congregation under the application of the membership criteria. Similarly, plaintiff’s claim for ejectment appears to be resolvable by application of neutral principles of law
 
 (see, e.g., Nestor v McDowell,
 
 81 NY2d 410, 414-415).
 

 Because Supreme Court and the Appellate Division concluded that this was a nonjusticiable religious dispute, neither court attempted to resolve the dispute through the application of neutral principles of law. Therefore, the case should be remitted to Supreme Court for consideration on the merits of the cross motions for summary judgment.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 
 *523
 
 Order reversed, with costs, complaint reinstated and case remitted to Supreme Court, Kings County, for further proceedings in accordance with the opinion herein.