OPINION OF THE COURT
Patricia P. Satterfield, J.
Husband, by petition, under Queens County index No. 10984/ 99, and cross motion, seeks to confirm the decision of a rabbinical tribunal (Beth Din), and to dismiss wife’s motion for pendente lite relief pursuant to CPLR 3211 (a) (5), alleging that the relief requested was already resolved by voluntary arbitration.
Both parties to this action were born and raised in Israel. They were married in Israel in 1979 and emigrated to the United States in 1986. There are two children of the marriage, ages 10 and 6. The wife is 39 years old and is a full-time housewife. The husband is 44 years old and owns, and is employed in, various car wash businesses. The husband stated that he earns $87,661. The parties own the marital home, which has a net worth of approximately $235,000.
At issue in the motion presently before this court is the wife’s application for pendente lite relief. In addition,, the wife seeks to vacate, and the husband seeks to confirm, an arbitration award rendered by a Beth Din, a religious tribunal that adjudicates disputes according to Jewish law and custom, and which was convened in this case on April 30, 1999. The decision of the Beth Din, which was rendered May 10, 1999, purports to determine all the issues raised in this matrimonial action, which plaintiff commenced by filing and service of the summons and complaint on April 28, 1999.
Wife, by affidavit, alleges that during discussions with her attorney regarding the commencement of the civil divorce proceeding, her attorney explained that any pendente lite application for temporary support and maintenance would take many weeks for resolution in the Supreme Court. Due to the purported failure of the husband to provide adequate interim financial assistance to the family, wife stated that she sought assistance and intervention from her local Rabbi. On April 30, 1999, the day after the commencement of this action, both par *278 ties appeared before three Rabbis in Boro Park, Brooklyn, representing a Beth Din convened by members of the Rabbinical Orthodox Union of the United States and Canada. On that date, both the husband and wife signed an agreement, written in Hebrew, in which they agreed to submit their dispute before the Beth Din for resolution.[1] The Beth Din arbitration proceeding commenced on that same date, and continued on May 2, 3, 4, 5, 6 and 9, 1999. On May 6, 1999, the wife’s attorney appeared before the Beth Din and attempted to have it cease the proceedings, stating that the wife was represented by an attorney who had initiated the civil divorce proceeding prior to commencement of the Beth Din. The Beth Din proceeding did not cease, continued in the absence of the wife, and, on May 10, 1999, the wife received notification from the Beth Din informing her that the Beth Din had awarded custody of the two minor children to the husband. In addition, the husband was awarded all marital assets that were either in his name or held jointly. The wife was awarded only those assets that were in her name and her personal possessions. The decision of the Beth Din set a visitation schedule for the parties, and included a clause that prohibits the wife from moving outside of New York. In addition, the decision of the Beth Din directed that if the wife desired to move to another apartment, she must return to the Rabbinical court.
Before this court can determine the wife’s application for pendente lite relief, this court must first determine if the decision of the Beth Din should be confirmed pursuant to CPLR 7510.
1. Petition to Confirm Arbitration Award (Index No. 10984/99)
It is well settled that an agreement to refer a matter concerning marriage to arbitration suffers no inherent invalidity (Hirsch v Hirsch, 37 NY2d 312; Bowmer v Bowmer, 50 NY2d 288), and that although arbitration is a favored method of dispute resolution, there are carved out exceptions to the arbitration process. Challenges to an arbitration award are permitted in certain circumstances on public policy grounds (Board of Educ. v Christa Constr., 80 NY2d 1031). Custody of children, once a *279 proper subject for arbitration, is no longer subject to arbitration based upon the public policy of this State as it has evolved over the years. (Glauber v Glauber, 192 AD2d 94.) As stated by the Appellate Division, Second Department, in Glauber (at 97):
“We conclude that custody of and visitation with children [are not subject to arbitration] because this subject, ‘on its face’, is inappropriate for resolution by arbitration (Matter of Sprinzen [Nomberg], 46 NY2d 623, 631).
“It is already well established by both statute and case law that contracts entered into by the parents with regard to the fate of their children are not binding on the courts. Domestic Relations Law §§70 and 240 impose the responsibility upon the courts to make custody and visitation orders based upon the best interests of the child. Notwithstanding that custody agreements between parents are, in the usual case, to be given priority (Matter of Nehra v Uhlar, 43 NY2d 242, 251), the responsibility of the courts always supersedes whatever bargain has been struck. The court must always make its own independent review and findings, and may award custody to one parent in the face of an agreement granting custody to the other if the best interests of the child requires it (see, Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89). The best interests standard will be applied to modifications as well as to the original custody determinations at all stages of judicial proceedings (see, Friederwitzer v Friederwitzer, supra). A court cannot be bound by an agreement as to custody and visitation, or either custody or visitation, and simultaneously act as parens patriae on behalf of the child (see, Finlay v Finlay, 240 NY 429, 433-434).
“Enforcing arbitration provisions such as those at bar would be contrary to the foregoing authority because an agreement to arbitrate the issue of custody is indistinguishable from an agreement to give custody (Agur v Agur, 32 AD2d 16).”
Based upon the law of the Second Department, as articulated in Glauber (supra), this court declines to confirm so much of the Beth Din decision that addresses the issues of custody and visitation. Concomitantly, since the infant issue presently reside with the wife, this court has jurisdiction to set child support, pursuant to the Child Support Standards Act.
This court recognizes that arbitration is an accepted method for dispute resolution, and acknowledges that a decision on most issues rendered by a Beth Din will be binding on the parties. (Avitzur v Avitzur, 58 NY2d 108.) The religious character of the Beth Din, however, does not foreclose judicial scrutiny *280 by the courts, which may apply neutral, objective principles of secular law to determine if the arbitration award issued by it should be binding on the parties. (See, Avitzur v Avitzur, supra.)
CPLR article 75 delineates the method by which an arbitration proceeding shall be convened and the procedural safeguards that must be employed. Adherence to all statutory procedural safeguards embodied in that article is a condition precedent to the confirmation of any award subject to the mandates of its provisions, and to a declaration that an arbitration award is binding on the parties. CPLR 7506 (b) states that the arbitrator shall appoint a time and place for the hearing and notify the parties in writing personally or by mail not less than eight days before the hearing. Additionally, any party may be represented by an attorney (CPLR 7506 [d]). Although a waiver of certain procedural safeguards is valid (CPLR 7506 [f|), the waiver must be in writing. Husband has failed to conclusively establish that the procedural requirements were met.
Both parties to the instant proceeding stated in their papers that the agreement to submit to arbitration was signed on April 30, 1999 and that arbitration actually commenced on that date. This admission suggests that the eight-day waiting period mandated by CPLR 7506 (b) was not followed. Additionally, the parties have raised an issue with respect to the wife’s representation by counsel at the Beth Din, and whether he was precluded from participating in the proceedings. Having failed to establish that all the procedural safeguards of CPLR 7506 were either adhered to or properly waived, this court declines to confirm the decision of the Beth Din.[2] Therefore, the husband’s petition to confirm the arbitration award is denied, without prejudice to renew, upon a proper showing that the statutory requirements of CPLR article 75 were adhered to in the Beth Din proceeding.
2. Pendente Lite Application (Index No. 9397/99)
The denial of husband’s petition to confirm the arbitration award at issue renders moot his cross motion to dismiss plaintiff wife’s application for pendente lite relief. The first branch of the wife’s motion seeking maintenance is granted. When awarding temporary maintenance, the court considers *281 and balances the factors enumerated in Domestic Relations Law § 236 (B) (6), such as the financial status of the respective parties, their age, health, necessities and obligations, the nature and duration of the marriage, the present and future capacity of each of the parties to be self-supporting, the tax consequences to the parties and the income which the parties are capable of earning by honest efforts. (See, Baker v Baker, 120 AD2d 374; Lasry v Lasry, 180 AD2d 488.) Moreover, the court is also to consider the standard of living established during the marriage. (See, Hartog v Hartog, 85 NY2d 36.) Based upon the admitted liabilities, and reasonable expenses (Domestic Relations Law § 236 [B] [6] [a]; Byer v Byer, 199 AD2d 298; Walker v Walker, 193 AD2d 730; Ryan v Ryan, 186 AD2d 245), the wife is awarded $500 per week temporary maintenance.
The second branch of the wife’s application seeking child support also is granted. Although the evidence presented to the court is insufficient to determine the husband’s actual income, the wife has submitted documents which support her allegations that the husband earns substantial sums of cash as part of his business enterprises and, parenthetically, the court notes, that the husband always paid the parties’ monthly living expenses. The child support award, therefore, shall be based upon the standard of living of the child (Domestic Relations Law § 240 [1-b] [k]). Defendant is directed to pay child support in the sum of $500 each week for both children.
The third branch of the wife’s motion seeking exclusive use and occupancy of the marital residence is granted in light of the husband’s continued absence from the home and the potential strain and turmoil which would result from his return. (See, Judell v Judell, 128 AD2d 416.) The wife has made a sufficient demonstration of necessity for such drastic relief in order to protect the safety of person or property. (Hite v Hite, 89 AD2d 577.) The fourth branch of the wife’s motion likewise is granted; husband is directed to pay all carrying charges of the marital residence.
The fifth, sixth and seventh branches of the wife’s motion are granted to the extent that the husband is directed to maintain in full force and effect all existing life, medical, dental, optical, pharmaceutical and hospital insurance for the benefit of the wife and infant issue that were in effect prior to commencement of this action. The husband further is directed to pay all unreimbursed medical, dental, optical, pharmaceutical and hospital expenses.
The eighth branch of the wife’s motion seeking exclusive use of a Nissan automobile is granted. The husband is directed to *282 pay for all repairs and insurance. The wife is responsible for all other expenses associated with the automobile.
The ninth branch of the wife’s motion, seeking to compel the husband to pay for private schooling of the parties’ children, is granted. The husband, prior to commencement of this action, voluntarily agreed to bear this expense.
The tenth branch of the wife’s motion is granted. Husband and his attorneys, agents, servants and employees, or anyone else on his behalf, are enjoined and restrained, during the pendency of this action, and until further order of this court, from transferring, hypothecating, disposing of, selling, altering, encumbering and/or secreting any or all assets, personal, business or otherwise, outside the ordinary course of business and for reasonable and necessary living expenses, including the financial obligations herein imposed. Such restraint is warranted in light of the apparent disposition of a portion of the husband’s business assets, as related by him to the Beth Din and incorporated by the Rabbis in their decision.
The eleventh and twelfth branches of the wife’s motion, seeking expert witness fees and attorney’s fees, are granted. Domestic Relations Law § 237 authorizes the court to direct either spouse to pay counsel fees in order to enable the other spouse to carry on or defend the action as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties. (See, DeCabrera v Cabrera-Rosete, 70 NY2d 879.) Inasmuch as it appears that the wife lacks sufficient funds of her own to compensate counsel without depleting her assets, the wife is awarded interim counsel fees in the sum of $10,000 to be paid by the husband directly to the wife’s attorney, within 15 days after notice of entry of this order. This award is made without prejudice to further applications for additional sums, as necessary at the time of trial or sooner. (See, Jorgensen v Jorgensen, 86 AD2d 861.) The application for expert witness fees is granted to the extent of awarding $5,000 for hiring an appraiser (Domestic Relations Law § 237; Baker v Baker, 120 AD2d, supra, at 376), which shall be paid by the husband directly to the wife’s attorney within 30 days of a determination that equitable distribution is at issue in this matrimonial action. This award of expert witness fees is without prejudice to an application by the wife for additional sums as necessary.
Finally, the thirteenth branch of the wife’s motion, seeking vacatur of the decision of the Beth Din, is denied, with leave to renew if the husband fails, within 60 days from the date of ser *283 vice of a copy of this order with notice of entry, to renew his petition to confirm the award upon a proper showing that the statutory requirements of CPLR article 75 were either followed or properly waived by the parties. Any petition to confirm shall be made by order to show cause, which shall contain a provision setting this matter down for a hearing to determine whether, as claimed, the award shall be vacated on the ground that wife’s rights were prejudiced by “fraud or misconduct in procuring the award.” (CPLR 7511 [b] [1] [i].)

. A certified translation of the agreement to submit the dispute before the Beth Din, which was executed on April 30,1999, together with a certified translation of the decision of the Beth Din, which was issued May 10, 1999, were submitted to this court by the husband in support of his application to confirm the arbitration award.

. Wife also has asserted allegations suggesting that she was subjected to coercion and duress, in violation of CPLR 7511 (b). These allegations present issues of fact that are not subject to resolution in the absence of a hearing in which testimony can be given under oath.