OPINION OF THE COURT
Thomas A. Stander, J.
The defendants, Bishop Matthew H. Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York; the Roman Catholic Diocese of Rochester, New York (Diocese); and Corpus Christi Church of Rochester (Corpus Christi), submit a motion seeking an order dismissing the complaint of plaintiffs, James Smith, Denise Donato, Myra Humphrey and Michael Boucher (collectively referred to as Plaintiffs), pursuant to CPLR 3211 (a) (2), (5) and (7).
The defendants mention that the court has the power to convert a motion to dismiss to one for summary judgment in accordance with CPLR 3211 (c). The court did not convert this motion to dismiss to be a motion for summary judgment. The attorneys were advised that it was only a motion to dismiss. On a motion to dismiss on jurisdictional grounds it is necessary for the court to assess the totality of the circumstances related to the action in order to determine whether jurisdiction exists. (See, Henning v Rando Mach. Corp., 207 AD2d 106 [4th Dept 1994].)
The defendants’ motion to dismiss the Plaintiffs’ complaint in its entirety on the ground that this court has no jurisdiction over the subject matter due to the application of the First Amendment of the United States Constitution is granted. The entire action is dismissed based upon lack of jurisdiction.
The court has also reviewed the other grounds asserted by defendants for their motion to dismiss the Plaintiffs’ complaint. The motion by the defendants, Bishop Matthew H. Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York, and the Roman Catholic Diocese of Rochester, New York, to dismiss the Plaintiffs’ complaint on the ground that the claims fail to state a cause of action is granted and the action is dismissed against such defendants. The motion by Corpus Christi Church of Rochester to dismiss the second and third causes of action stated in the Plaintiffs’ complaint, on the grounds of failure to state a cause of action and the Statute of Frauds, is granted and the second and third causes of action are dismissed against such defendant.
*4 If this court had jurisdiction over the subject matter of this dispute (and it is determined herein that this court does not), the motion by Corpus Christi Church of Rochester to dismiss the first cause of action for breach of contract would be denied; however, based upon the determination that this court lacks subject matter jurisdiction, this cause of action must, as set forth above, be dismissed.
Facts
The Plaintiffs commenced this action against the defendants on February 24, 1999. The complaint alleges that the Plaintiffs were terminated from their employment in violation of both written and implied contracts and Plaintiff, James Smith, also alleges breach of an oral agreement. The defendants, Corpus Christi and the Diocese, are religious corporations incorporated pursuant to the laws of the State of New York. The defendant, Bishop Matthew Clark, is the Bishop of the Diocese. This is a motion to dismiss by the defendants pursuant to CPLR 3211. No answer has been filed by defendants and there has been no discovery conducted in this action.
The Plaintiffs each entered into written employment contracts to be employed by Corpus Christi Church for a period of one year. The employment contracts were all entered into on September 2, 1998, with each separate agreement for each Plaintiff being signed by James B. Callan, as Administrator of the Corpus Christi Church. The Plaintiffs were employed in the following job titles: James M. Smith was employed as Outreach Director; Denise Donato was employed as Family Minister; Myra Humphrey was employed as Hospitality Minister; and Michael Boucher was employed as Adult Education Minister. These contracts were by their terms all automatically renewable after one year unless the parish’s administrative team decides to terminate the contract due to financial concerns or poor job performance. Each of the contracts also contains the following provision: “At no time shall any employee be forced to subscribe to the beliefs and tenets of any entity or organization, except those specifically contained in the mission statement of Corpus Christi Church (the ‘employer’).” There are 1998 W-2’s submitted showing payments from Corpus Christi Church to Myra Humphrey, Denise Donato, and Michael Boucher.
The Administrator of Corpus Christi Church who entered into the employment contracts, James B. Callan, was appointed Administrator of the parish in 1977. Father James B. Callan was informed on August 13, 1998 by Bishop Matthew Clark *5 that Callan was being removed from his position as Administrator as of September 6, 1998. During the time from August 13 to September 6, Callan entered into the contracts at issue here. Callan was removed as Parochial Administrator of Corpus Christi as of September 6, 1998. There were interim appointees put in place at Corpus Christi to replace Callan. On October 10, 1998 Reverend Daniel McMullin was appointed Pastor of Corpus Christi to permanently replace Father James B. Callan. Reverend Daniel McMullin commenced his assignment at Corpus Christi on November 2, 1998.
McMullin met with the staff of Corpus Christi on December 9, 1998 and December 10, 1998. At the December 9, 1998 meeting McMullin introduced Thomas P. Riley to the staff as a newly appointed Administrator of the parish. This appointment of Mr. Riley was not well received by Plaintiffs and others. Subsequently a document entitled “Information Statement From Parish Staff Concerning the Hiring of a New Parish Administrator” was signed by Plaintiffs and other staff members. This statement indicated, among other things, the following: “We as a staff have taken a vote of no confidence in the newly-created administrative position to which Mr. Riley has been assigned * * * In our view these actions reflect the non-collaborative stance the diocese continues to take in the transition process and may result in further terminations of the pastoral team and outreach directors.” A member of the staff, Sister Marjory Henninger, read the statement to the Corpus Christi Church congregation after 5:00 p.m. Mass on Saturday, December 12, 1998.
By individual letters from Thomas P. Riley, (Interim) Director of Operations, Corpus Christi Church, dated December 14, 1998, each of the Plaintiffs was dismissed from their position effective December 14, 1998. The letters to all four Plaintiffs contain the identical basis for dismissal: “This dismissal is for you [sic] continued refusal to cooperate with and follow the directives of the new pastor, Rev. Daniel McMullin.”
Lack of Subject Matter Jurisdiction Law
The defendants seek to dismiss the complaint of the Plaintiffs on the ground that this court has no subject matter jurisdiction. (CPLR 3211 [a] [2].) The defendants rely upon the First Amendment, applicable to the States by the Fourteenth Amendment, which prohibits the making of “law[s] respecting an establishment of religion, or prohibiting the free exercise thereof.” (US Const 1st, 14th Amends.) “Consistent with these *6 amendments civil courts are forbidden from interfering in or determining religious disputes. Such rulings violate the First Amendment because they simultaneously establish one religious belief as correct for the organization while interfering with the free exercise of the opposing faction’s beliefs (Maryland & Va. Churches v Sharpsburg Church, 396 US 367, 369 [other citations omitted]). The Constitution directs that religious bodies are to be left free to decide church matters for themselves, uninhibited by State interference (Serbian Orthodox Diocese v Milivojevich, 426 US 696; Kedroff v St. Nicholas Cathedral, 344 US 94, 116).” (First Presbyt. Church v United Presbyt. Church, 62 NY2d 110, 116-117 [1984], cert denied 469 US 1037 [1984].) The Constitution limits judicial involvement in disputes raising religious concerns, and courts are prohibited from resolving controversies which require consideration of religious doctrine. (Avitzur v Avitzur, 58 NY2d 108, 114 [1983], cert denied 464 US 817 [1983]; see, Presbyterian Church v Hull Mem. Presbyt. Church, 393 US 440, 449 [1969].)
The courts also recognize that a State has freedom to' “adopt any approach to resolving religious disputes which does not entail consideration of doctrinal matters” and have specifically approved the use of a doctrine known as “neutral principles of law.” (Avitzur v Avitzur, supra, at 114; Jones v Wolf, 443 US 595, 602 [1979].) The Court of Appeals has adopted and applied the “neutral principles of law” analysis for contract cases touching upon religious concerns and for church property disputes, whereby the “courts are free to decide such disputes if they can do so without resolving underlying controversies over religious doctrine.” (Park Slope Jewish Ctr. v Congregation B’nai Jacob, 90 NY2d 517, 521 [1997].)[1] The “neutral principles of law” approach requires the court to apply objective, well-established principles of secular law to the issues. Judicial involvement is warranted when the case can be “decided solely upon the application of neutral principles of contract law, without reference to any religious principle.” (Avitzur v Avitzur, at 115.)
Decision
Plaintiffs maintain that since the complaint does not raise any religious dispute to be resolved, this court may determine *7 a facially neutral employment contract' claim under the “neutral principles of law” analysis. The Plaintiffs assert that this court has jurisdiction over the legal or temporal actions of the church in entering into written, implied or oral employment contracts with Plaintiffs.
The defendants assert that the “neutral principles of law” analysis requires this court to focus not only on the language of the employment contracts, the alleged implied or oral agreements, the Code of Canon Law, and the Corpus Christi Church Parish Staff Reference Manual, but also on the nature of the underlying dispute between the church and the Plaintiffs. The defendants’ position is that any determination on this case requires the court to resolve controversies over religious doctrine.
This court has authority to resolve contract issues where the case is capable of being determined solely upon the application of neutral principles of contract law, without resolving any controversy over religious doctrine. (See, Avitzur v Avitzur, supra, at 115.) Such disputes relating purely to the secular terms of an employment agreement lend themselves to being decided under the neutral principles theory.
In order to assess whether the “neutral principles of law” approach is appropriate for this case, the court must determine whether any religious doctrinal issues need to be passed upon, whether implementation of a religious duty is contemplated, and whether there will be any interference with religious authority as a result of the outcome. (See, Avitzur v Avitzur, supra, at 115.)
Here the complaint sets forth claims for breach of employment agreements, without raising any issues of religious doctrine. The crux of the Plaintiffs’ claims is that Corpus Christi Church did not have the right to terminate the Plaintiffs from their positions and such terminations are a breach of the employment agreements or of an oral or implied agreement for employment. We note, however, that all four of the Plaintiffs were dismissed on the basis that they refused to cooperate with and follow the directives of the new Pastor, Reverend Daniel McMullin. Therefore, in order for this court to decide this dispute it is necessary for the court to resolve the underlying controversy as to whether the Pastor of Corpus Christi has the right to terminate employees holding ministry positions that are to promote the religious positions and beliefs of the church.
The Plaintiffs entered into contracts with the prior Administrator of Corpus Christi, after such Administrator had been ad *8 vised that he was being removed from Corpus Christi. Father Callan entered into these employment agreements on behalf of Corpus Christi Church to employ the Plaintiffs as an Outreach Director, Family Minister, Hospitality Minister, and Adult Education Minister. These ministry positions are directly related to the religious doctrine to be promoted by the church. At the time of the removal of Father Callan as Administrator of Corpus Christi Church there was a serious dispute between the Diocese and Father Callan as to the appropriate religious doctrine, ceremonies, and beliefs that were to be promoted by the church. The employment agreements specifically deal with this dispute by setting forth a provision on what beliefs and tenets the employees must subscribe to: “At no time shall any employee be forced to subscribe to the beliefs and tenets of any entity or organization, except those specifically contained in the mission statement of Corpus Christi Church (the ‘employer’).”
In addition, the contract is automatically renewable “unless the parish’s Administrative Team decides that the contract is to be terminated at the end of the initial year due to parish financial concerns or poor job performance by the employee.” These terms of the agreements attempt to protect the employees from having any beliefs or tenets imposed by a new Pastor or the Diocese.
Another issue that has been raised in this dispute is the authority of Father James B. Callan, as Administrator of the church, to enter into the employment agreements. Whether Callan had such authority requires the court to delve into the religious Canon Code of Law and the rights of an Administrator versus a Pastor. The causes of action alleged by Plaintiffs require an assessment by this court on the inter-relationship between the Diocese and the Corpus Christi Church, and the authority of each over employees of the Diocese and employees of individual churches.
The cases of the New York Court of Appeals, as well as the United States Supreme Court, all require a review of the nature of the underlying dispute. When determining whether the resolution of the controversies requires entering upon religious doctrinal ground, the court must review the totality of the circumstances. In the instant case, both parties concede that Father Callan, the Administrator of Corpus Christi, had been notified that he was being removed from Corpus Christi on September 6. Prior to his termination, Father Callan entered into these four employment agreements on September *9 2. The controversies at issue in this action are not related to purely secular terms of the contract, but instead relate to the right of the newly appointed Pastor of Corpus Christi Church to terminate people performing ministry for the parish.[2]
The papers submitted on this motion by both parties establish that the dispute is directly related to differences in religious beliefs between the new Pastor and the prior Administrator. This court will not interject itself into resolving religious disputes as to the rights and authority of an Administrator of the Church to enter into employment contracts; the rights and authority of a Pastor to terminate employees performing ministry duties of a church; and the enforcement of contract terms directly addressing religious beliefs. To decide otherwise would require this court to resolve underlying controversies over religious doctrine. (Park Slope Jewish Ctr. v Congregation B’nai Jacob, 90 NY2d 517 [1997], supra.) This the court cannot do. The court is barred by the Constitution from interfering in religious disputes. The Constitution directs that religious bodies are to be left free to decide church matters for themselves, uninhibited by State interference. (US Const 1st, 14th Amends; First Presbyt. Church v United Presbyt. Church, 62 NY2d 110, 116-117 [1984], supra.)
This entire action is barred by the First Amendment to the United States Constitution. This court does not have jurisdiction over the subject matter of this action. The defendants’ motion to dismiss the complaint for lack of subject matter jurisdiction is granted. The complaint is dismissed.
The defendants assert various grounds for dismissal of the Plaintiffs’ complaint. In the exercise of judicial economy, this court also reviews and determines the other grounds submitted for dismissal of the complaint.
Motion by Bishop Matthew Clark
In addition to the jurisdictional grounds for dismissal of the Plaintiffs’ complaint, the defendant, Bishop Matthew Clark, requests an order dismissing the complaint pursuant to CPLR 3211 (a) (7) on the grounds that the complaint fails to state a cause of action. Such a motion should not be granted unless the claims fail to state a cause of action or “unless documents and other submissions establish conclusively that plaintiff has *10 no cause of action.” (Grossman v Pharmhouse Corp., 234 AD2d 918, 919 [4th Dept 1996].) The complaint alleges breach of the written employment contracts; breach of an implied agreement through Diocese representations;. and breach of an oral agreement of employment. The allegations contained in the complaint and the evidence presented on this motion, however, do not support such claims against Bishop Clark.
The first cause of action is based on allegations of breach of the employment contracts. The written employment contract of each of the Plaintiffs is between the individual and Corpus Christi Church. The contracts were signed on behalf of Corpus Christi Church by James B. Callan on September 2, 1998. The contracts specifically state that Corpus Christi Church is the employer. Bishop Matthew Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York, is not a party to any of the employment contracts at issue in this action. The first cause of action in the complaint fails to state a cause of action against Bishop Matthew Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York.
The second cause of action alleges reliance upon promises in the Corpus Christi employment handbook and statements and oral promises from the Diocese that such employees had certain rights prior to termination from employment. There are no allegations of any acts by Bishop Clark giving rise to this alleged claim. The second cause of action fails to state any cause of action or claim against Bishop Matthew Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York.
The third cause of action alleges an oral agreement between Plaintiff, James Smith, and Father Callan, ostensibly on behalf of Corpus Christi Church. The alleged agreement was for Smith to work at the Rogers House for 10 years beginning in 1991. There are no allegations against or involving Bishop Matthew Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York.
The motion by defendant, Bishop Matthew Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York, for dismissal of the Plaintiffs’ complaint pursuant to CPLR 3211 (a) (7), for failure to state a cause of action, is granted. The complaint is dismissed as against Bishop Matthew Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York.
Motion by the Roman Catholic Diocese of Rochester
The Roman Catholic Diocese of Rochester also asserts, as an additional ground for dismissal, that the complaint fails to *11 state a cause of action against such defendant. On a motion to dismiss for failure to state a cause of action the complaint shall be liberally construed in favor of the plaintiff. Such a motion should not be granted unless the claims fail to state a cause of action or “unless documents and other submissions establish conclusively that plaintiff has no cause of action.” (Grossman v Pharmhouse Corp., 234 AD2d 918, 919 [4th Dept 1996], supra.)
As stated above, the first and third causes of action of the complaint revolve around contracts entered into between the Plaintiffs and Corpus Christi. There are no allegations against the Diocese related to the employment contracts of the Plaintiffs or the alleged 10-year oral agreement for the employment of Smith. Furthermore, the documentation presented on these motions demonstrates that the Diocese was not involved in any way with the written employment contracts or with the alleged oral agreement of employment for a 10-year period. The first and third causes of action fail to state a cause of action against the Diocese.
The second cause of action alleges that the Diocese made promises and representations regarding the employment of Plaintiffs; that the Plaintiffs relied upon such promises; and that such statements constitute an agreement that they would not be terminated, except for cause. The allegations in the complaint and the documentation submitted on this motion do not support such a claim. The defendant, Diocese, demonstrates that it did not employ the Plaintiffs: Corpus Christi employed the Plaintiffs pursuant to employment contracts with Corpus Christi Church, and Corpus Christi paid the Plaintiffs. The employment contracts specifically state that the employer is Corpus Christi. Although Plaintiffs assert that benefits were provided through the Diocese and that oral promises were made regarding grounds for termination, the documentation does not support these claims. The employer Corpus Christi does not have any written directives that are applicable to the Plaintiffs. However, the Plaintiffs allege that the “Support Staff Employee Handbook of Corpus Christi,” which does not include the Plaintiffs’ positions as being covered under the provisions of such handbook, prevents their terminations. This handbook specifically allows dismissal as one of the- disciplinary measures, with no requirement for less intrusive measures to be followed first. The complaint fails to state a cause of action against the Diocese for promises and representations affecting the employment of the Plaintiffs by the separate entity, Corpus Christi Church. The second cause of action fails to state a cause of action against the Diocese.
*12 The motion by the Diocese to dismiss the Plaintiffs’ complaint as against the Diocese is granted. The complaint is dismissed as against the Roman Catholic Diocese of Rochester, New York.
Motion by Corpus Christi Church
The defendant, Corpus Christi Church, submits as additional grounds for dismissal of the claims in the complaint that the complaint fails to state a cause of action and is barred by the Statute of Frauds.
In the first cause of action, the Plaintiffs allege a claim against the defendant, Corpus Christi Church, for breach of the employment agreements between the Plaintiffs and the church. Except for the prior grounds that this court has no subject matter jurisdiction over this religious dispute based on the First Amendment, the defendant has not established that the first cause of action in the complaint fails to state a cause of action nor that the Statute of Frauds bars this claim. If this court had subject matter jurisdiction of the dispute (which it has been determined this court does not), then the motion by Corpus Christi Church to dismiss the first cause of action for breach of contract would be denied.
The second cause of action against Corpus Christi Church is based, in part, upon promises allegedly contained in the employment handbook of Corpus Christi. The Plaintiffs allege that they received employee handbooks from defendant Corpus Christi and said handbooks contained a provision for corrective discipline. Even taken in the light most favorable to the Plaintiffs, such allegations fail to state a cause of action. The Support Staff Employee Handbook of Corpus Christi, by its terms, does not apply to the positions held by Plaintiffs. Further, even if the provisions of such handbook applied to the Plaintiffs, the corrective discipline allowed against an employee includes dismissal. The disciplinary, steps do not require a step-by-step procedure for imposing discipline; the terms specifically allow any or all of the provisions to be utilized depending on the severity of the infractions.
Plaintiffs have failed to state a cause of action against Corpus Christi based upon the employee handbook. The motion by the defendant, Corpus Christi Church, to dismiss the second cause of action in the Plaintiffs’ complaint is granted. The second cause of action stated in the Plaintiffs’ complaint is dismissed as against Corpus Christi Church.
The third cause of action stated against Corpus Christi Church is based upon a 10-year oral agreement for employ *13 ment of James Smith at the Rogers House. This claim is barred, by the Statute of Frauds, which requires agreements not to be completed within one year to be in writing. The motion by the defendant, Corpus Christi Church, to dismiss the third cause of action is granted. The third cause of action stated in the Plaintiffs’ complaint is dismissed as against Corpus Christi Church.
Request for Discovery
Plaintiffs oppose the motion for dismissal based on CPLR 3211 (d), asserting that Plaintiffs have not had an opportunity to conduct discovery in order to uncover facts essential to defend against the motion. The Plaintiffs have not set forth in any of their affidavits that facts essential to justify opposition may exist but cannot then be stated. The affidavits and documentation submitted demonstrate that the defendants are entitled to the relief requested as determined in this decision.
Order
Based upon all the papers submitted in support and in opposition to this motion, upon the above decision, and after due deliberation, it is hereby ordered that the motion by the defendants to dismiss the complaint of the Plaintiffs on the ground that this court does not have subject matter jurisdiction of the causes of action set forth in the complaint is granted; the complaint is dismissed in its entirety.
Further, in the interests of judicial economy, based upon all the papers submitted in support and in opposition to this motion, upon the above decision, and after due deliberation, the alternative motions are decided, and it is hereby ordered that the motion by defendant, Bishop Matthew Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York, to dismiss the complaint of the Plaintiffs as against such defendant is granted; the complaint is dismissed as against defendant, Bishop Matthew Clark, as Trustee of the Assets of the Roman Catholic Diocese of Rochester, New York; it is further ordered that the motion by defendant, Roman Catholic Diocese of Rochester, New York, to dismiss the complaint of the Plaintiffs as against such defendant is granted; the complaint is dismissed as against defendant, the Roman Catholic Diocese of Rochester, New York; it is further ordered that the motion by defendant, Corpus Christi Church of Rochester, to dismiss the second and third causes of action stated in the Plaintiffs’ *14 complaint is granted; the second and third causes of action in the complaint are dismissed as against defendant, Corpus Christi Church of Rochester.

. A stipulation between two congregations that settled a dispute which arose out of a religious disagreement was determined to be a secular resolution and, therefore, the courts could scrutinize the documents in purely secular terms. (Park Slope Jewish Ctr. v Congregation B’nai Jacob, supra, at 522.)

. If this were a dispute regarding payment under the terms of the agreement, or if the dispute involved employment of a custodian or other secular position, then this court might apply the neutral principles of contract law to determine the specific secular issues related to the contract. This case does not involve such a simple secular dispute.