■ BELLA DAVIS, Respondent, v MICHAEL MELNICKE, Appellant. [808 NYS2d 671]—

Orders, Supreme Court, New York County (Eileen Bransten, J.), entered August 15, 2005, which (1) granted a petition to compel arbitration, appointed a third arbitrator and directed the parties to proceed to a hearing before a special referee concerning the extension of a previously granted temporary restraining order, and (2) denied respondent Melnicke's motion for change of venue, unanimously affirmed, without costs.

The language of the contract at issue was clear and unambiguous that in the event the two arbitrators selected by the parties were stalemated in appointing a third rabbinical arbitrator within 15 days, a court of competent jurisdiction could be asked to make that appointment. Contrary to respondent's contention, the court's enforcement of the arbitration clause pursuant to CPLR article 75 did not constitute an impermissibly excessive entanglement in religion, since no doctrinal issue was decided by the court and no interference with religious authority will result (*see Avitzur v Avitzur*, 58 NY2d 108 [1983], *cert denied* 464 US 817 [1983]).

Regarding venue, respondent has numerous ties to New York County (CPLR 7502 [a]), including the location of the contract execution, the escrow account for the down payment, and the office of counsel designated for the closing of the transaction.

We have considered respondent's remaining argument and find it without merit, since the orders appealed from do not involve the injunctive relief on which this argument is based. Concur—Mazzarelli, J.P., Nardelli, Sweeny and McGuire, JJ.