A.T. v Presbyterian Church U.S.A. (2025 NY Slip Op 50076(U))

[*1]

A.T. v Presbyterian Church U.S.A.

2025 NY Slip Op 50076(U)

Decided on January 27, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2025
Supreme Court, New York County

A.T., Plaintiff,

against
Presbyterian Church U.S.A., West End Presbyterian Church, Reverend John David Warren, Defendant.
West End Presbyterian Church, Plaintiff,
against
Presbytery of New York City, Defendant.

Index No. 950263/2020

Carl J. Schaerf, Esq. from Wade Clark Mulcahy LLP, representing the Third-Party Defendant, Presbytery of New York City.
Jonathan R. Nelson, Esq. from Nelson Madden Black LLP, representing the Third-Party Plaintiff, West End Presbyterian Church.

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74 were read on this motion to DISMISS.
With the instant motion, Third-Party Defendant Presbytery of New York City ("Presbytery of NYC") seeks to dismiss the Third-Party Complaint filed by West End Presbyterian Church ("West End"), citing CPLR §§ 3211(a)(2) and (a)(7), on the grounds that the claims impermissibly entangle the court in ecclesiastical matters and fail to state a cause of [*2]action for indemnity or contribution. West End opposes the motion. For the set forth, this court denies the motion in its entirety.
BACKGROUND AND PROCEDURAL HISTORY
Plaintiff A.T. ("Plaintiff") initiated this action against Defendants Presbyterian Church U.S.A., West End Presbyterian Church, and Reverend John David Warren ("Reverand Warren"), alleging that Reverend Warren engaged in acts of misconduct during his tenure as pastor at West End. West End subsequently commenced a Third-Party Complaint against the Presbytery of NYC, asserting claims for indemnity and contribution based on its oversight and governance role under the polity of the United Presbyterian Church ("UPC") and the Presbyterian Church (U.S.A.) ("PCUSA").
West End's claims rest upon the "Book of Order," a constitutionally significant document governing church polity, which it argues imposes enforceable duties on the Presbytery to supervise and discipline Reverend Warren. The Presbytery, in turn, contends that these claims require the court to interpret religious doctrine and governance, which is barred under the First Amendment's ecclesiastical abstention doctrine. Moreover, the Presbytery asserts that West End's claims lack sufficient factual allegations of notice or breach.
ARGUMENTS
The Presbytery of NYC argues that the Third-Party Complaint improperly seeks to impose liability based on ecclesiastical documents, entangling the court in religious questions in violation of the First Amendment. Relying on Serbian Eastern Orthodox Diocese for United States and Canada v. Milivojevich, 426 US 696 (1976), the Presbytery asserts that the claims would require judicial interpretation of religious polity and governance structures, which are inherently ecclesiastical. The Presbytery also contends that the Third-Party Complaint lacks sufficient factual allegations to support claims of indemnity or contribution, emphasizing the absence of notice or employment relationships that would create a secular duty of care. Finally, the Presbytery asserts that the ecclesiastical abstention doctrine unequivocally precludes the court from addressing claims premised on the Book of Order or other religious governance documents.
West End counters that its claims can be adjudicated using neutral principles of law, as endorsed in Jones v. Wolf, 443 US 595 (1979). West End argues that courts regularly interpret religious governance documents in cases involving secular legal obligations, such as those arising under the Child Victims Act ("CVA"), without entangling themselves in theological matters. As evidence, West End cites decisions like D.M. v. Domestic & Foreign Missionary Society of the Protestant Episcopal Church, 2023 NY Slip Op. 31863[U] (Kings Cnty. Sup. Ct. 2023), where courts applied secular principles to resolve disputes involving religious organizations. Additionally, West End maintains that the Presbytery's governance role, as defined in the Book of Order, includes oversight and discipline duties that are secular in nature and form the basis of its claims for indemnity and contribution.
DISCUSSION
The court begins by addressing whether the ecclesiastical abstention doctrine precludes adjudication of this matter. Under the First Amendment, courts are barred from resolving disputes that require interpretation of theological or ecclesiastical issues. However, as established in Jones v. Wolf, 443 US 595 (1979), disputes may be resolved through "neutral principles of law" if they can be decided without delving into doctrinal matters. In New York, this approach has been embraced in cases such as Avitzur v. Avitzur, 58 NY2d 108 (1983), where [*3]courts analyzed religious documents for secular purposes without encroaching on religious doctrine.
West End's claims rest on governance and oversight responsibilities purportedly derived from the Book of Order. Although the Book of Order is a religious document, its provisions concerning supervisory and disciplinary duties can be analyzed through a secular lens. As articulated in First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110 (1984), church governance documents may form the basis for legal adjudication when interpreted under neutral principles.
The Presbytery's reliance on Serbian Eastern Orthodox Diocese for United States and Canada v. Milivojevich, 426 US 696 (1976), is misplaced. While that case precludes courts from adjudicating disputes involving ecclesiastical governance, it does not bar courts from addressing matters that can be resolved using secular legal principles. Here, the claims against the Presbytery focus on whether it breached a secular duty of care arising from its governance role—a determination that does not require the court to interpret religious doctrine.
Regarding the sufficiency of the pleadings, the court evaluates the Third-Party Complaint under CPLR § 3211(a)(7). To survive dismissal, the pleading must allege facts that, if proven, would entitle the plaintiff to relief. West End asserts that the Presbytery had notice of Reverend Warren's misconduct and failed to act in accordance with its governance responsibilities. These allegations, when construed in the light most favorable to West End, are sufficient to withstand a motion to dismiss. As noted in Leon v. Martinez, 84 NY2d 83 (1994), New York is a fact-pleading jurisdiction, but conclusory allegations are permissible at this stage if they outline a cognizable legal theory.
The Presbytery's argument that it lacked notice of misconduct raises factual disputes that cannot be resolved on a motion to dismiss. As emphasized in Guggenheimer v. Ginzburg, 43 NY2d 268 (1977), factual issues must be left for resolution at trial or summary judgment. Furthermore, New York case law, including Sheila C. v. Povich, 11 AD3d 120 (1st Dept 2004), affirms that employers and supervisory entities can be held liable for failing to act on known risks posed by individuals under their oversight.
The court also acknowledges West End's reliance on CVA jurisprudence. Courts in these cases have routinely applied neutral principles to evaluate claims against religious organizations without infringing on ecclesiastical autonomy. For instance, in D.M. v. Domestic & Foreign Missionary Society of the Protestant Episcopal Church, 2023 NY Slip Op. 31863[U] (Kings Cnty. Sup. Ct. 2023), the court determined that governance documents could establish a duty of care in a secular context. Such cases underscore that allegations of notice and failure to act are sufficient to proceed beyond the pleading stage.
In sum, the Third-Party Complaint alleges sufficient facts to establish a plausible claim for indemnity and contribution. The Presbytery's arguments under the ecclesiastical abstention doctrine and CPLR § 3211(a)(7) are unavailing at this juncture, as the court's analysis relies on neutral principles of law and does not require interpretation of religious doctrine.
For the foregoing reasons, the court finds that the Third-Party Complaint is neither barred by the ecclesiastical abstention doctrine nor insufficiently pleaded.
Accordingly, it is hereby
ORDERED that Third-Party Defendant Presbytery of New York City's motion to dismiss is denied in its entirety.
This constitutes the decision and order of the court.
DATE 1/27/2025
Hasa A. Kingo, J.S.C.