■ WILLIAM OATES et al., Respondents-Appellants, v RALPH MARINO, Appellant-Respondent. — Order of the Supreme Court, New York County (Arnold Guy Fraiman, J.), entered August 29, 1983, which granted that branch of defendant's motion for

summary judgment dismissing the second cause of action and denied that branch seeking summary judgment dismissing the first cause of action, is unanimously modified, on the law, without costs, so as to grant summary judgment dismissing the first cause of action, and is otherwise affirmed.

In this defamation action brought against State Senator Ralph Marino, Special Term properly granted summary judgment dismissing plaintiff's second cause of action which charged that the defendant, Marino "caused one DALE SMITH an 'investigator' for his Senate [*sic*] to state at public hearing [the allegedly defamatory remarks]". The hearings were being conducted by Marino while he was acting as a legislator "within the sphere of legitimate legislative activity [and as such he was] 'protected not only from the consequences of litigation's results but also from the burden of defending [himself]'" (*Eastland v United States Servicemen's Fund,* 421 US 491, 503; see, also, *Hutchinson v Proxmire,* 443 US 111; *Dombrowski v Eastland,* 387 US 82). Thus, the allegedly defamatory statements would have been absolutely privileged under the "speech and debate clause" of the New York State Constitution, even if they had been uttered by the Senator, rather than by another at his behest, as is alleged.

Section 11 of article III of the New York State Constitution provides: "For any speech or debate in either house of the legislature, the members shall not be questioned in any other place." This provision, found not only in the New York State Constitution but in section 6 of article I of the Federal Constitution and those of nearly every State (see, generally, *Eastland v United States Servicemen's Fund, supra; Doe v McMillan,* 412 US 306, 311, 318; *Gravel v United States,* 408 US 606), immunizes members of the Legislature from civil liability for statements made in the course of their official functions. (*Matter of Board of Educ. [Buffalo Council of Supervisors & Administrators,]* 52 AD2d 220; *Lincoln Bldg. Assoc. v Barr,* 1 Misc 2d 511.) Thus, legislators are enabled to perform the duties of their office and to fulfill their responsibilities without fear of reprisal through civil suits charging defamation. The immunization of the "speech and debate clause" not only protects utterances "made within the four walls of either Chamber * * * [but] committee hearings are [also] protected, even if held outside the Chambers" (*Hutchinson v Proxmire,* 443 US 111, 124, *supra*; see, also, *Doe v McMillan,* 412 US 306, *supra; Gravel v United States,* 408 US 606, *supra*).

And while some doubt exists as to whether the reach of the immunity of the Federal "speech and debate clause" would extend to press conferences conducted by a legislator as a part of

his "informing function" (*Hutchinson v Proxmire,* 443 US 111, *supra*), we find it unnecessary to determine the reach of our State "speech and debate clause" in respect to the alleged defamation Senator Marino is charged with uttering at a press conference in the first cause of action.

Special Term recognized plaintiff's total failure to offer any proof to controvert defendant's sworn denial that he uttered or released, or caused to be uttered or released, the defamatory statements alleged in the first cause of action. Nevertheless, reasoning that the fact of the utterance or release of the defamation "is a matter peculiarly within defendant's knowledge", Special Term denied dismissal with leave to renew after plaintiffs have had an opportunity for discovery. This was error.

A party opposing a motion for summary judgment is bound to lay bare his proofs and make an evidentiary showing that there exist genuine, triable issues of fact (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395) and he must do so with admissible evidence. (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Borchardt v New York Life Ins. Co.,* 102 AD2d 465.) All that has been offered by the plaintiffs are bare, conclusory allegations and a repetition of the allegations of the complaint. Such bare allegations are insufficient to create genuine issues of fact (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). "The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified" (*Indig v Finkelstein,* 23 NY2d 728, 729). Defendant has denied uttering the words complained of that are quoted in the complaint. They do not appear in the copy of the press release submitted in support of the motion, nor do those words appear in any of the newspaper clippings submitted by plaintiffs, which allegedly report the news conference held by Senator Marino. At the very least plaintiffs were bound to offer proof in evidentiary form that the words quoted in the complaint were in fact uttered by the Senator.

And while one opposing a motion for summary judgment "may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form" (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068, *supra;* CPLR 3212, subd [f]), a motion for summary judgment may not be defeated merely by surmise, conjecture or suspicion. (*Shaw v Time-Life Records,* 38 NY2d 201, 207.) It does not appear on this record "from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212, subd [f]; 3211, subd [d]). Thus the plaintiff's affidavit fails to comply with the

requirements of those sections. "CPLR 3212 (subd [f]) should not be employed as a means of embarking upon a 'fishing expedition' (see *Auerbach v Bennett,* 47 NY2d 619, 636) to explore the 'possibility' of fashioning [a viable cause of action against defendant]" (*Citibank, N.A. v Furlong,* 81 AD2d 803, 804). Significantly plaintiff did not ask for discovery nor indicate in any manner that discovery was necessary in order to oppose the summary judgment motion. Thus to "speculate that something might be caught on a fishing expedition provides no basis to postpone decision on the summary judgment motions under the authority of CPLR 3212 (subd [f])" (*Auerbach v Bennett,* 47 NY2d 619, 636, *supra*). Concur — Kupferman, J. P., Ross, Asch, Fein and Alexander, JJ.