■ CATHERINE M. WEISMAN, Appellant, v TOWN OF BROOK-HAVEN, Respondent, et al., Defendants. [602 NYS2d 697] —In an action to recover damages, *inter alia,* for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered June 26, 1991, as granted the motion of the Town of Brookhaven for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff brought suit against, *inter alia,* the Town of Brookhaven, for its alleged negligence in its operation, maintenance, and control of the public intersection of Auburn Avenue and Flowerhill Drive, located in Shirley, Town of Brookhaven (hereinafter the Town), by virtue of its failure to maintain a stop sign governing northbound traffic in good condition visible to motorists. In a bill of particulars, the plaintiff indicated that the Town was further negligent in its failure to promptly repair the sign so that it would be visible or to otherwise warn motorists of the dangerous intersection. The plaintiff alleged that the Town had both actual and constructive notice of the dangerous condition created by the sign.

At a subsequent point in the proceedings, the Town, *inter alia,* moved for summary judgment dismissing the complaint, that motion was granted, and this appeal ensued. We affirm the granting of summary judgment in the Town's favor.

In conjunction with its application for summary judgment, the Town argued that the plaintiff's complaint must be dismissed by virtue of the absence of any prior written notice of

the defective condition of the sign *(see,* Town Law § 65-a; Town of Brookhaven Code § 84-1). However, no such notice was required pursuant to the Town Law *(see, Alexander v Eldred,* 63 NY2d 460, 467; *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 365-366), and the notice provisions of the Town of Brookhaven Code were adopted after the date of the plaintiff's accident and are entitled only to prospective application *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b]).

Nevertheless, on the merits, the Town sufficiently demonstrated that it breached no duty to the plaintiff, thus warranting summary judgment in its favor as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562), and the plaintiff, in opposing the application, failed to demonstrate, by competent evidence *(see, Zuckerman v City of New York, supra,* at 563; *Vasquez v New York City Tr. Auth.,* 104 AD2d 802, 802-803), the existence of triable issues of fact *(see, Oates v Marino,* 106 AD2d 289, 291-292; *Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774). Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur.