■ CONGREGATION YETEV LEV D'SATMAR OF KIRYAS JOEL, INC., et al., Respondents, v CONGREGATION YETEV LEV D'SATMAR, INC.,

et al., Appellants, U.T.A. Mesivta of KJ et al., Respondents, et al., Defendants. [820 NYS2d 69]—

In an action, inter alia, to quiet title to real property, the defendants Congregation Yetev Lev D'Satmar, Inc., Jeno Kahana, Sol Perlstein, Jacob Schoenfeld, and Solomon Sander appeal, as limited by their respective briefs, from stated portions of an order of the Supreme Court, Orange County (Rosenwasser, J.), dated February 9, 2006, which, inter alia, awarded the plaintiffs summary judgment, and conferred nunc pro tunc approval of a deed dated January 19, 2001, purporting to transfer one half of the ownership interest of the defendant Congregation Yetev Lev D'Satmar, Inc., in real property used as a cemetery and located within the Town of Monroe, Orange County, to the plaintiff Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, the plaintiffs are denied summary judgment, and upon searching the record, summary judgment is awarded to the defendants Congregation Yetev Lev D'Satmar, Inc., Jeno Kahana, Sol Perlstein, Jacob Schoenfeld, and Solomon Sander dismissing the complaint insofar as asserted against them, the counterclaims asserted by those defendants are dismissed as academic, and the Clerk of Orange County shall, upon service of a copy of this decision and order, cancel of record the deed from the Congregation Yetev Lev D'Satmar, Inc., to the Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc., dated January 19, 2001, purporting to convey a one-half interest in the subject real property, recorded at Liber 5525 of deeds, pages 245 to 255.

On January 14, 2001 Berl Friedman, as President of the Board of Trustees of the defendant Congregation Yetev Lev

D'Satmar, Inc. (hereinafter the Brooklyn Congregation), convened a Board meeting, during which a resolution was passed approving the transfer of one half of the Brooklyn Congregation's ownership interest in a cemetery located in the Town of Monroe, Orange County, to the plaintiff Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc. (hereinafter the KJ Congregation). On January 19, 2001, after he allegedly was expelled from the Brooklyn Congregation, Friedman executed a deed purporting to transfer one half of its sole ownership interest in the cemetery to the KJ Congregation for nominal consideration (hereinafter the 2001 deed). The cemetery is important to both congregations because the founder of the modern Satmar Hasidim movement, Grand Rebbe Joel Teitelbaum, and his successor, Grand Rebbe Moses Teitelbaum, are buried there, and because historically, members of both congregations have been buried there.

The Supreme Court awarded summary judgment to the plaintiffs, finding the 2001 deed valid and approving it nunc pro tunc. We reverse. The record reveals the existence of numerous questions of fact regarding the circumstances surrounding the authorization of the transfer of an interest in the property and the execution of the 2001 deed that preclude summary judgment on the issue of its validity, which questions cannot be answered because they involve ecclesiastical issues that are beyond the competence of the courts (*see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 31 AD3d 541 [2006] [decided herewith] [hereinafter *Congregation I*]).

However, we search the record and award summary judgment to the appellants on the issue of whether to accord retroactive judicial approval pursuant to Religious Corporations Law § 12 (9) to the transfer of a one-half interest in the cemetery property from the Brooklyn Congregation to the KJ Congregation. The Supreme Court approved the transfer because it determined that it was of mutual benefit to the two congregations. As the proponents of the deed, it was incumbent upon the plaintiffs to establish that the transfer of an interest in the cemetery for a nominal consideration was intended to promote the interests *of the grantor* by furthering a religious or charitable object generally (*see* Religious Corporations Law § 12 [8]). Although questions of fact abound in this case on other issues, certain essential facts that are relevant to the issue of the propriety of granting retroactive judicial approval of the transfer to the KJ Congregation are uncontested.

There is presently an ongoing struggle for succession to the overall leadership of the Satmar community. The meeting of

trustees at which the transfer was approved and the alleged expulsion from membership in the Brooklyn Congregation of the person who executed the deed were early events in the course of that struggle. They form centerpieces of the civil actions between the competing factions and, as we have held in *Congregation I* (*supra*), the resolution of the issues that cloud the validity of the meeting and the alleged expulsion involve ecclesiastical questions that the courts are not competent to answer. The transfer of an interest in the cemetery property is therefore inextricably bound with this leadership dispute and it is clear that, at least in part, it was made to advance the interests of one of the competing Satmar factions and not to advance religious or charitable objects generally. Under these circumstances it cannot be said that the transfer was in the best interests of the Brooklyn Congregation and accordingly we decline to exercise our discretion to approve it, thereby restoring the status quo ante.

Accordingly, the transfer should have been vetoed (*see Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn*, 76 AD2d 712, 717 [1980], *affd* 54 NY2d 742 [1981]), and summary judgment is awarded to the appellants dismissing the complaint insofar as asserted against them. In light of this determination, the appellants' counterclaims should have been dismissed as academic and we need not reach the parties' remaining contentions. In so holding, we express no opinion as to whether a transfer of an interest in the cemetery to the KJ Congregation may, in the future, benefit the grantor by promoting the religious interests of the Satmar Hasidim sect generally as part of a settlement of the existing ecclesiastical disputes. Schmidt, J.P., Lunn and Covello, JJ., concur.

Spolzino, J., concurs with the following memorandum: The validity of the deed at issue in this proceeding turns, at least initially, upon the same issues that are addressed in the companion case (*see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 31 AD3d 541 [2006] [decided herewith]). For the reasons set forth in my dissent in that case, I conclude that the issues presented here are justiciable as well since, in my view, they may also be decided on the basis of neutral principles of law (*see Park Slope Jewish Ctr. v Congregation B'nai Jacob*, 90 NY2d 517 [1997]; *Morris v Scribner*, 69 NY2d 418, 422-423 [1987]; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.*, 62 NY2d 110 [1984], *cert denied* 469 US 1037 [1984]; *Avitzur v Avitzur*, 58 NY2d 108, 115 [1983], *cert denied* 464 US 817 [1983]). If anything, this matter presents a more compelling case for justiciability, since the issue here is simply

the authority of a corporate officer to enter into a corporate real estate transaction (*see Rende & Esposito Consultants v St. Augustine's R.C. Church*, 131 AD2d 740 [1987]). I nevertheless concur in the result because I agree with my colleagues that the record here provides no basis upon which it can reasonably be concluded that the transfer was intended to promote the interests of the grantor corporation, as it must in order for the court to approve the conveyance (*see* Religious Corporations Law § 12 [8]). [*See* 11 Misc 3d 1055(A), 2006 NY Slip Op 50214(U) (2006).]