[879 NE2d 731, 849 NYS2d 192]

CONGREGATION YETEV LEV D'SATMAR OF KIRYAS JOEL, INC., et al., Respondents-Appellants, v CONGREGATION YETEV LEV D'SATMAR, INC., by BERL FRIEDMAN, President, Appellant-Respondent, and CONGREGATION YETEV LEV D'SATMAR, INC., et al., Respondents, et al., Defendants.

Argued October 16, 2007; decided November 20, 2007

**POINTS OF COUNSEL**

*Kirkpatrick & Lockhart Preston Gates Ellis LLP,* New York City (*Gerald A. Novack, Walter P. Loughlin* and *Justin H. Roeber* of counsel), *Smith, Buss & Jacobs, LLP,* Yonkers (*Jeffrey D. Buss* of counsel), and *Thacher Proffitt & Wood LLP,* White Plains (*Kevin J. Plunkett* of counsel), for appellant-respondent. I. The declaration of Jeno (Jacob, Jenoe) Kahan, Sol Perlstein, Jacob Schoenfeld and Solomon Sander was null and void. II. Berl Friedman was authorized to execute the deed irrespective of his membership status. III. In any event, Berl Friedman was not removed or expelled and therefore was authorized to sign. IV. Nunc pro tunc approval should be reinstated. (*Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn,* 76 AD2d 712, 54 NY2d 42; *Morris v Scribner,* 69 NY2d 418.)

*Tarshis, Catania, Liberth, Mahon & Milligram, PLLC,* Newburgh (*Richard M. Mahon, II,* of counsel), for respondents-appellants. The transfer was properly approved by Justice Rosenwasser.

*Herrick, Feinstein LLP,* New York City (*Scott E. Mollen* and *Paul Rubin* of counsel), for Congregation Yetev Lev D'Satmar, Inc. and others, respondents. I. The Appellate Division properly

voided Justice Rosenwasser's nunc pro tunc approval of the 2001 deed because plaintiffs failed to satisfy the applicable statutory requirements. (*Wilson v Ebenezer Baptist Church,* 17 Misc 2d 607; *Matter of Margolin v Mount Zion Pentecostal Holy Church,* 16 Misc 2d 961; *Soho Ctr. for Arts & Educ. v Church of St. Anthony of Padua,* 146 AD2d 407; *Matter of Barusek [Beth Jacob School of W. Bronx],* 1 Misc 2d 950; *Associate Presbyt. Congregation of Hebron v Hanna,* 113 App Div 12.) II. By respecting First Amendment considerations, the Appellate Division properly reversed the trial court's findings. (*Nunn v Black,* 506 F Supp 444, 661 F2d 925; *Burgess v Rock Cr. Baptist Church,* 734 F Supp 30.) III. Appellants' defiance of the Appellate Division's rulings from which they appeal highlights the need for clarity.

*Herzfeld & Rubin, P.C.,* New York City (*David B. Hamm, Herbert Rubin* and *Linda M. Brown* of counsel), for Jenoe (Jacob, Jeno) Kahan, respondent. I. This Court should dismiss the appeal, as the order appealed from involved the exercise of the lower court's discretion. (*Wilson v Ebenezer Baptist Church,* 17 Misc 2d 607; *Matter of Margolin v Mount Zion Pentecostal Holy Church,* 16 Misc 2d 961; *Rosemont Enters. v Irving,* 41 NY2d 829; *Amrod v Briarwood Props.,* 55 NY2d 742; *24 Rock Corp. v Tomasello Bros.,* 21 NY2d 876.) II. This Court should disregard the brief submitted by purported defendant-appellant Congregation Yetev Lev D'Satmar, Inc., by Berl Friedman, president, for lack of aggrievement under CPLR 5511. (*Matter of Schwartz v Morgenthau,* 7 NY3d 427; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Matter of Times-Union of Capital Newspapers Div. of Hearst Corp. v Harris,* 50 NY2d 842; *Matter of Wittenberg,* 27 NY2d 910.) III. The Appellate Division was correct in invalidating Supreme Court's nunc pro tunc approval of Berl Friedman's unauthorized transfer of a one-half interest in the cemetery property to Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc. (*Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn,* 76 AD2d 712, 54 NY2d 742; *Salesian Socy. v Nutmeg Partners,* 271 AD2d 671; *Matter of Agudist Council of Greater N.Y. v Imperial Sales Co.,* 158 AD2d 683; *Associate Presbyt. Congregation of Hebron v Hanna,* 113 App Div 12; *Levovitz v Yeshiva Beth Henoch,* 120 AD2d 289; *Kroth v Congregation Chebra Ukadisha Bnai Israel Mikalwarie,* 105 Misc 2d 904; *Matter of Beth Israel of Brownsville,* 114 Misc 582; *Slater v Gallman,* 38 NY2d 1; *Flagg v Nichols,* 307 NY 96; *Maloney v Hearst Hotels Corp.,* 274 NY 106.) IV. This Court has no jurisdiction to consider appellants' attack upon the validity

of defendants' declaration dated January 18, 2001. V. The Friedman dissidents' challenge to the authority of the Kahan leadership is nonjusticiable, as it presents ecclesiastical issues which are not the proper subject of judicial review. In any event, the Friedman dissidents' arguments lack merit.

## OPINION OF THE COURT

PIGOTT, J.

This action involves a dispute over the ownership of a cemetery located in the Town of Monroe, New York, for members of the Satmar community, a distinct sect of Orthodox Judaism. The cemetery was originally acquired by plaintiff Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc. (Monroe Congregation) in 1981. It contains the grave of the Grand Rabbi Joel Teitelbaum, founder of the Satmar movement. As such, the property holds significant religious import for all Satmar followers. The cemetery was conveyed to defendant Congregation Yetev Lev D'Satmar, Inc. (Brooklyn Congregation) in 1988, and thereafter jointly operated by the two congregations.

Some time thereafter, the Brooklyn Congregation split into two rival factions over matters concerning leadership of the Satmar community. The feud resulted in each faction conducting separate elections of the board of directors and officers for the Brooklyn Congregation. On January 14, 2001, Berl Friedman, purporting to act as president of the Brooklyn Congregation, convened a board meeting at which he authorized the transfer of an undivided one-half interest in the cemetery property to the Monroe Congregation. A deed, executed by Berl Friedman on January 19, 2001 and conveying the one-half interest in the cemetery property for nominal consideration, was later recorded in the Orange County Clerk's Office.

At approximately the same time, Jacob (Jeno, Jenoe) Kahan and other members of the rival faction held a meeting at which they designated themselves the true officers of the Brooklyn Congregation. They sought to restrict the use of the cemetery property by filing a so-called "declaration" with the Orange County Clerk providing that only those designated officers could mortgage, sell or otherwise encumber the property.

In 2005, plaintiffs commenced this action against defendants seeking, among other things, a declaration that the transfer of the one-half interest in the property was lawful under the Religious Corporations Law or, in the alternative, to obtain

nunc pro tunc approval of that transfer pursuant to Religious Corporations Law § 12. Defendants answered and asserted counterclaims against plaintiffs alleging, among other things, that Berl Friedman was not authorized to execute the 2001 deed because he had been expelled from the Brooklyn Congregation.

Supreme Court awarded summary judgment to plaintiffs, upholding the validity of the transfer executed by Berl Friedman and vacating the declaration. The Appellate Division reversed, in part, finding that questions of fact existed concerning the conveyance, and that those questions "involve ecclesiastical issues that are beyond the competence of the courts" (31 AD3d 480, 482 [2d Dept 2006]). Upon searching the record, the court voided the conveyance pursuant to the Religious Corporations Law, finding that plaintiffs failed to establish that the transfer promoted the interests of the grantor by furthering a religious or charitable object generally (id. at 483). The Appellate Division subsequently granted leave and certified the following question to us: "Was the decision and order of this court dated July 11, 2006, properly made?" We now affirm.

We conclude that support in the record exists for the Appellate Division's finding that the transfer was not in the best interests of the Brooklyn Congregation. Thus, plaintiffs were not entitled to retroactive judicial approval of the transfer. A religious corporation may "not sell . . . its real property without applying for and obtaining leave of the court" (Religious Corporations Law § 12 [1]). When a religious corporation fails to obtain the necessary judicial approval before transferring the real property, the corporation may seek retroactive judicial approval in order to validate the transaction (see Religious Corporations Law § 12 [9]). Where, as here, a religious corporation seeks to "convey the whole or any part of its real property to another religious corporation" for nominal consideration, the corporation must show that "religious or charitable objects generally" would be conserved by the conveyance of the property (Religious Corporations Law § 12 [8]). Here, where the transfer was at least in part plainly designed to advance one side of the factional dispute, the Appellate Division justifiably found that no such showing was made. We need reach no other issue.

Accordingly, the Appellate Division order should be affirmed with costs and the certified question not answered upon the ground that it is unnecessary.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ and SMITH concur; Judge JONES taking no part.

Order affirmed, etc.