■ SHOLEM ELIEZER FRANKEL et al., Plaintiffs, v CONGREGATION YETEV LEV D'SATMAR, Defendant. (Action No. 1.) CONGREGATION YETEV LEV D'SATMAR, INC., et al., Plaintiffs, v CONGREGATION YETEV LEV D'SATMAR, INC., et al., Defendants. (Action No. 2.) CONGREGATION YETEV LEV D'SATMAR, INC., et al., Appellants, et al., Plaintiffs, v BERL FRIEDMAN et al., Respondents. (Action No. 3.) [896 NYS2d 75]—

In a prior matter involving a dispute over which of two opposing factions constituted the duly elected Board of Trustees of Congregation Yetev Lev D'Satmar, Inc. (hereinafter the Congregation), the Supreme Court, inter alia, dismissed the parties' petitions and counterclaims as nonjusticiable. The court's order included a statement that "the Court leaves intact the status quo in terms of day-to-day operations of the Congregation and its institutions," pending any further directive from an appropriate religious leader or ecclesiastical tribunal (*Matter of Congregation Yetev Lev D'Satmar Inc. v Kahan*, 5 Misc 3d 1023[A], 2004 NY Slip Op 51515[U], *15 [2004]). This Court affirmed that order, and the Court of Appeals affirmed this Court's order, holding that the dispute between the two factions presented a nonjusticiable religious controversy (*see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d 282 [2007], *affg* 31 AD3d 541 [2006]).

Here, in action No. 3, the plaintiffs' faction seeks a judgment declaring that the defendants' faction is not authorized to act on behalf of the Congregation, based on the Supreme Court's "directive" in the prior matter that the status quo, which, according to the plaintiffs, consists of their de facto control of the Congregation, be left intact. Contrary to the appellants' contention, the statement in the Supreme Court's order did not confer any legal rights upon them. The plaintiffs' present action is merely an attempt to obtain a judicial determination that their faction is authorized to act on behalf of the Congregation, which is precisely the issue that the Court of Appeals held to be nonjusticiable (*see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d at 287-288). Accordingly, the Supreme Court properly granted the motion of the defendants in action No. 3 to dismiss the complaint in that action pursuant to CPLR 3211 (a) (2). Angiolillo, J.P., Balkin, Hall and Sgroi, JJ., concur. **[Prior Case History: 20 Misc 3d 1137(A), 2008 NY Slip Op 51779(U).]**