■ WILSON FRIEDMAN et al., Appellants, v CYL CEMETERY, INC., et al., Respondents. [914 NYS2d 305]—

In a putative class action, inter alia, to enjoin the defendants from directly or indirectly interfering with the plaintiffs' rights under certain certificates issued by the Congregation Yetev Lev D'Satmar, Inc., regarding burial in the Kiryas Joel Cemetery, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Demarest, J.), dated May 26,

2009, which granted (a) that branch of the cross motion of the defendants CYL Cemetery, Inc., Congregation Yetev Lev D'Satmar, Inc., Chevre Kadishe D'Satmar, a division of Congregation Yetev Lev D'Satmar, Inc., Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc., Central Congregation Yetev Lev D'Satmar, Inc., Rabbi Ezriel Gluck, Joseph Weiss, David Markowitz, Chaim Eliezer Gross, Joel Kaufman, David Ekstein, Elias Horowitz, and Shlomo Wertzberger, which was, in effect, pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against them for lack of subject matter jurisdiction, and (b) the separate cross motion of the defendant Moses Witriol, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted him for failure to state a cause of action, and is in favor of the defendants and against them dismissing the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

The parties are involved in an ongoing dispute over which of two opposing factions is authorized to act on behalf of the Congregation Yetev Lev D'Satmar, Inc. (hereinafter the Congregation). The complaint in this action presents questions regarding the enforcement of certain certificates purportedly issued by the Congregation, regarding burial in the Kiryas Joel Cemetery. These questions are inextricably bound with issues of membership in the Congregation and which of the two factions is authorized to act on behalf of the Congregation. As previously determined by this Court and by the Court of Appeals, these inquiries are foreclosed by the First Amendment of the United States Constitution, as they cannot be decided by application of neutral principles of law (*see Frankel v Congregation Yetev Lev D'Satmar*, 69 AD3d 788, 789 [2010]; *Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d 282, 287-288 [2007]). Accordingly, the Supreme Court properly dismissed the complaint.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Eng, J.P., Chambers, Hall and Lott, JJ., concur.