Dana Bailey, Appellant, v Benta's Funeral Home, Inc., Respondent. [922 NYS2d 274]—

Plaintiff alleges that her mother died on February 3, 2007 and was supposed to be cremated a few days thereafter. The mother's ashes were to be placed by defendant in an urn in preparation for a memorial service that was held on February 9, 2007. However, on or about February 27, 2007, plaintiff discovered that there were no ashes in the urn. When she notified defendant of this, defendant told plaintiff that "it had mislaid the ashes," but that the ashes would now be delivered to her. Plaintiff would not accept delivery because she was

unsure they were her mother's remains. According to the complaint, defendant "carelessly lost the ashes" and was now attempting to deliver "any ashes to plaintiffs in an attempt to cure its negligence."

Losing, or improperly dealing with, the remains of a deceased person gives rise to a cause of action by the deceased's next of kin (*see Shipley v City of New York*, 80 AD3d 171, 177 [2010]; *Melfi v Mount Sinai Hosp.*, 64 AD3d 26, 31 [2009]). However, merely causing doubt in the plaintiff's mind regarding whether particular ashes are those of her loved one, without more, is not actionable (*see Stahl v William Necker, Inc.*, 184 App Div 85, 91-92 [1918]).

Defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the subject ashes were not lost and that, upon learning of the mistake, it attempted to deliver the ashes to plaintiff who refused to accept such delivery. In opposition, plaintiff failed to raise a triable issue of fact, and her assertion that further discovery is necessary, is not sufficient to defeat the summary judgment motion (*see e.g. Oates v Marino*, 106 AD2d 289, 291-292 [1984]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.