This action is one of many arising from the ongoing dispute over which of two competing factions constitute the duly elected Board of Trustees of Congregation Yetev Lev D’Satmar, Inc. (hereinafter CYLD). At issue on this appeal are cross claims asserted on behalf of CYLD and Chevre Kadishe D’Satmar, a division of CYLD, at the behest of the nonparty Jenoe Kahan, a leader of one faction (hereinafter the Kahan faction), against Berl Friedman, who is a leader of the opposing faction (hereinafter the Friedman faction), CYL Cemetery, Inc. (hereinafter *860 CYL), Congregation Yetev Lev D’Satmar of Kiryas Joel, Inc. (hereinafter KJ), Central Congregation Yetev Lev D’Satmar, Inc. (hereinafter Central), Joseph Weiss, David Markowitz, Isaac Rosenberg, David Hauer, and Samuel Oberlander (hereinafter collectively the cross claim defendants). CYLD’s cross claims, among other things, sought to invalidate a July 2006 transfer of cemetery property that was the subject of a prior appeal (see Congregation Yetev Lev D’Satmar of Kiryas Joel, Inc. v Congregation Yetev Lev D’Satmar, Inc., 9 NY3d 297 [2007]). As relevant to this appeal, KJ, Friedman, Rosenberg, Hauer, and Oberlander (hereinafter collectively the appellants) moved to dismiss the cross claims asserted against them by CYLD and Chevre Kadishe D’Satmar (hereinafter together the CYLD defendants) pursuant to, among other things, CPLR 3211 (a), on the grounds of, inter alia, lack of standing and capacity. The Supreme Court denied the motion, among other things, on the ground that the CYLD defendants have standing to sue since they “ha[ve] a substantial interest in the determination of the issues raised” in the cross claims, including whether CYL “is a proper and legal entity capable of holding title to the” subject cemetery.
The CYLD defendants have standing to sue, as they were injured by the July 2006 transfer, effectuated by the Friedman faction, of their interest in the subject cemetery property to the newly formed entity, CYL (see Mahoney v Pataki, 98 NY2d 45, 52 [2002]; Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 154-155 [1994]; Caprer v Nussbaum, 36 AD3d 176, 183 [2006]; Siegel, NY Prac § 136 at 240 [5th ed]).
However, a determination of the appellants’ motion also requires consideration of the sharply disputed issue of whether Kahan has the authority to direct the prosecution of a suit or claim in the name of the CYLD defendants. Determining whether Kahan has the authority to assert cross claims in the name of the CYLD defendants, in turn, necessarily requires consideration of the central issue in the long-standing dispute between the Friedman and Kahan factions: whether Kahan is the legitimate president of CYLD. Answering that question involves determination of ecclesiastical, nonjusticiable issues that cannot be decided by application of neutral principles of law (see Matter of Congregation Yetev Lev D’Satmar, Inc. v Kahana, 9 NY3d 282, 287-288 [2007]; see also Friedman v CYL Cemetery, Inc., 80 AD3d 556 [2011]; Frankel v Congregation Yetev Lev D’Satmar, 69 AD3d 788 [2010]).
Thus, the appellants demonstrated that the CYLD defendants are precluded from establishing the facts necessary to a deter *861 mination that Kahan has the authority to assert cross claims in the name of the CYLD defendants. Accordingly, upon reargument, the Supreme Court should have granted the appellants’ motion to dismiss the cross claims asserted against them by the CYLD defendants.
The appellants’ remaining contentions are either not properly before this Court or without merit. Belen, J.E, Hall, Lott and Austin, JJ., concur.