■ MG WEST 100 LLC, et al., Appellants, v ST. MICHAEL'S PROTESTANT EPISCOPAL CHURCH, Respondent. [8 NYS3d 299]—

Order, Supreme Court, New York County (Shirley Werner

Kornreich, J.), entered June 5, 2014, which granted defendant's motion for summary judgment dismissing: (1) the second cause of action for specific performance to the extent it demands that defendant convey to plaintiffs the real property that is the subject of this action; (2) the third cause of action for breach of contract to the extent it seeks to hold defendant liable for consequential damages and lost profits; (3) the fourth cause of action for an injunction barring defendant from selling the property to anyone other than plaintiffs; and (4) the fifth and sixth causes of action for unjust enrichment and quantum meruit; and canceling the notice of pendency filed in connection with the property, unanimously affirmed, with costs.

The motion court properly found that although the parties entered into a memorandum of understanding (MOU) in March 2008 providing for plaintiff MG West 100 LLC to develop a 72,000 square foot condominium building on property owned by defendant Church, plaintiffs are not entitled to specific performance. Religious Corporations Law § 12 precludes the Church from selling property without obtaining the consent of the bishop and the standing committee of the diocese prior to court approval of such sale (*see Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn*, 54 NY2d 742, 744 [1981]).

In support of their argument that the church obtained the requisite approval, plaintiffs rely on double hearsay statements regarding what the bishop and the standing committee purportedly said to the former rector. The statements, which do not fall within any exception to the hearsay rule, are inadmissible (*see Kamenov v Northern Assur. Co. of Am.*, 259 AD2d 958, 959 [4th Dept 1999]). Accordingly, plaintiffs are not entitled to an injunction enjoining the Church from selling the property to anyone else and there is no basis to grant plaintiffs' request for reinstatement of the canceled notice of pendency.

Although plaintiffs are correct that the MOU is not void ab initio since it did not violate Religious Corporations Law § 12 (*cf. Soho Ctr. for Arts & Educ. v Church of St. Anthony of Padua*, 146 AD2d 407, 411 [1st Dept 1989]; *Diocese of Buffalo v McCarthy*, 91 AD2d 213, 217 [4th Dept 1983], *lv denied* 59 NY2d 605 [1983]), this does not change the fact that they are not entitled to specific performance. The Church could not have applied for consent of the sale of the property until the transaction documents, including the contract of sale and the development agreements, were fully finalized and executed. It is undisputed that the parties never entered into the contract of sale or the development agreements.

The motion court properly dismissed plaintiffs' claims for unjust enrichment and quantum meruit since the existence of the MOU, a valid and enforceable written agreement governing the parties dispute, precludes recovery in quasi contract for events arising out of the same subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).

Plaintiffs are not entitled to recover consequential damages. Any profits that plaintiffs may have made under the prospective contracts contemplated by the MOU cannot properly be awarded as damages (*see Goodstein Constr. Corp. v City of New York*, 80 NY2d 366, 374 [1992]). We find no evidence in the record that lost profits were within the contemplation of the parties at the time of or prior to their execution of the MOU, since the MOU was merely a preliminary agreement by which the parties planned to proceed with their initial efforts on the construction project (*see id.*; *Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989]; *Brody Truck Rental v Country Wide Ins. Co.*, 277 AD2d 125 [1st Dept 2000], *lv denied* 96 NY2d 854 [2001]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Renwick and Gische, JJ.