■ ROBERT M. RUBIN, Respondent, v ROBIN K.W. RUBIN, Appellant. [23 NYS3d 25]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered January 30, 2014, which granted plaintiff father's motion to terminate his monthly child support obligation of $4,250, unanimously affirmed, without costs.

Supreme Court properly granted the father's motion for a termination of his child support obligation, based upon his showing of a substantial change in circumstances as a result of a change in the child's residence from defendant mother to him (*see e.g. Atlas v Smily*, 117 AD3d 471 [1st Dept 2014]; Domestic Relations Law § 236 [B] [9] [b]). Contrary to the mother's contention, the court was not required to conduct a hearing, since no triable issues of fact were raised (*see Matter of Stern v Stern*, 40 AD3d 1108 [2d Dept 2007], *lv denied* 9 NY3d 813 [2007]). Indeed, the mother acknowledged in her opposing affidavit that the child had resided with the father since September 2013, and the 19-year-old child also averred the same in her affidavit. The mother's allegations of the father's undue influence on the child and other allegations pertaining to the child's execution of her affidavit are conclusory and insufficient to warrant a hearing (*see David W. v Julia W.*, 158 AD2d 1, 7-8 [1st Dept 1990]).

The child's affidavit, based on her personal knowledge of her intent not to return to the mother's home, did not constitute inadmissible hearsay (*see e.g. Pintor v 122 Water Realty, LLC*, 90 AD3d 449, 451 [1st Dept 2011]). In contrast, the mother's statements in her affidavit, based on what the child purportedly told her, were properly rejected as inadmissible hearsay and double hearsay (*see McGinley v Mystic W. Realty Corp.*, 117 AD3d 504, 505 [1st Dept 2014]; *MG W. 100 LLC v St. Michael's Prot. Episcopal Church*, 127 AD3d 624, 625 [1st Dept 2015]).

We have considered the mother's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Saxe and Kapnick, JJ.