Pu v Dow (2019 NY Slip Op 00536)





Pu v Dow


2019 NY Slip Op 00536


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


653698/16 8203 8202

[*1]Richard Pu, Plaintiff-Appellant,
v
Antonio Dow, et al., Defendants-Respondents.


Richard Pu, New York, for appellant pro se.
The Charrington Firm, PC, Rosedale (Karen H. Charrington of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered July 20, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from order, entered May 11, 2018, unanimously dismissed, without costs, as taken from a superseded order.
Plaintiff is not entitled to recover attorneys' fees from defendants, because the parties entered into a retainer agreement providing that plaintiff would recover a contingency fee based on the amount, if any, recovered in a rescission action that plaintiff agreed to bring on defendants' behalf, and no amount was recovered in that action (see Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 176 [1986]). Defendants discharged plaintiff after their main claims were dismissed, leaving only meritless claims, which they withdrew after hiring new counsel. Moreover, defendant Antonio Dow paid a substantial amount in settlement of the counterclaims brought against him. Thus, plaintiff was not wrongfully deprived of any fee to which he was entitled under the parties' agreement, and defendants were not unjustly enriched by not paying any fee. Having entered into a valid and enforceable agreement providing for contingent fee recovery only, plaintiff's argument that he is entitled under quasi-contract theories to recover a fee based on his hourly rate is without merit (see generally 2 MG W. 100 LLC v St. Michael's Prot. Episcopal Church, 127 AD3d 624, 626 [1st Dept 2015]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK