2520 Jerome Ave., LLC v Corporation of the Rector, Churchwardens & Vestrymen of St. James Episcopal (2020 NY Slip Op 03844)





2520 Jerome Ave., LLC v Corporation of the Rector, Churchwardens & Vestrymen of St. James Episcopal


2020 NY Slip Op 03844


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


11772 27270/18E

[*1] 2520 Jerome Avenue, LLC, Plaintiff-Appellant,
v
The Corporation of the Rector, Churchwardens and Vestrymen of Saint James Episcopal, Defendant-Respondent.


Herrick, Feinstein LLP, New York (Scott T. Tross of counsel), for appellant.
Goldstein Hall, PLLC, New York (Brian J. Markowitz of counsel), for respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about October 17, 2018, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiff's breach of contract claim was properly dismissed. The record shows that defendant's obligation under the parties' contract was simply to apply for certain consents, not to obtain them, and there was no triable issue of fact as to defendant's application for the consents. Plaintiff's claimed need for additional discovery was based solely on conjecture and speculation, and is thus insufficient (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 33 [1998]; Steinberg v Schnapp, 73 AD3d 171, 177 [1st Dept 2010]).
Because the contract was one for sale of a "Protestant Episcopal" church, the motion court was correct that it could not order specific performance of the contract where the Bishop, Standing Committee and Diocese had refused to approve the sale (Religious Corporations Law § 12[2]; Soho Ctr. for Arts & Educ. v Church of St. Anthony of Padua, 146 AD2d 407, 411 [1st Dept 1989]).
Furthermore, plaintiff's claim for breach of the covenant of good faith and fair dealing was properly dismissed as duplicative of its breach of contract claim (see Logan Advisors, LLC v Patriarch Partners, LLC, 63 AD3d 440, 443 [1st Dept 2009]), and the claim for unjust enrichment was precluded by the existence of a valid express agreement with regard to the same subject matter (see MG W. 100 LLC v St. Michael's Prot. Episcopal Church, 127 AD3d 624, 626 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK