West-Park Presbyt. Church of N.Y. City v Center at W. Park, Inc. (2024 NY Slip Op 05840)

West-Park Presbyt. Church of N.Y. City v Center at W. Park, Inc.

2024 NY Slip Op 05840

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 652924/22 Appeal No. 3080 Case No. 2024-01105 

[*1]West-Park Presbyterian Church of New York City Doing Business as West Park Presbyterian Church, Plaintiff-Respondent,
v
The Center at West Park, Inc., Doing Business as The Center at West Park and "xyz Corp." Defendant-Appellant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Belkin, Burden, Goldman LLP, New York (Magda L. Cruz of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered February 22, 2024, which granted plaintiff's motion for summary judgment on its claims for declaratory relief as to the invalidity of the lease and ejectment and to dismiss defendant The Center at West Park, Inc. (the Center)'s affirmative defenses and counterclaims pursuant to CPLR 3211, and denied the Center's cross-motion to compel plaintiff to comply with discovery and for leave to amend the answer, unanimously affirmed, with costs.
Summary judgment was not premature despite the lack of discovery. The affidavits and affirmation that the Center submitted in opposition to plaintiff's motion did not show that it lacked facts essential to justify opposition (see CPLR 3212[f]; Oates v Marino, 106 AD2d 289, 291 [1st Dept 1984]). "[M]ere hope that somehow [a party] will uncover evidence that will prove [its] case, provides no basis for postponing a decision on a summary judgment motion" (Fulton v Allstate Ins. Co., 14 AD3d 380, 381 [1st Dept 2005] [ellipsis, internal quotation marks, and some brackets omitted]; see also 2520 Jerome Ave., LLC v Corporation of the Rector, Churchwardens & Vestrymen of St. James Episcopal, 185 AD3d 439 [1st Dept 2020]).
The fact that paragraph 16 of the lease says, "The Church [i.e., plaintiff] and the Center . . . represent that each Party has the full power and authority to enter into this agreement and all of the stated terms and conditions. ALL PROVISIONS IN THIS AGREEMENT . . . SHALL BE BINDING ON BOTH THE CHURCH AND THE CENTER" does not create a triable issue of fact as to whether a court approved the lease, as required by Religious Corporations Law § 12(1). As the motion court noted, a court order approving the lease would be a matter of public record, but neither side submitted a copy of such an order. Furthermore, as part of its moving papers, plaintiff submitted three affidavits saying the lease was never approved by either a court or the Attorney General. A contract that violates Religious Corporations Law § 12 is either "void ab initio" (Soho Ctr. for Arts & Educ. v Church of St. Anthony of Padua, 146 AD2d 407, 411 [1st Dept 1989]) or "voidable" (see Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 76 AD2d 712, 717 [2d Dept 1980], affd 54 NY2d 742 [1981]). If it is voidable, it is "voidable at the [religious corporation]'s option" (Female Academy of the Sacred Heart v Doane Stuart School, 91 AD3d 1254, 1256 [3d Dept 2012]).
Nor are there triable issues of fact as to estoppel or ratification. Rende & Esposito Consultants v St. Augustine's R.C. Church (131 AD2d 740 [2d Dept 1987]), the case on which the Center primarily relies, involved "the authority of a corporate officer to enter into a corporate real estate transaction" (Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc. v Congregation Yetev Lev D'Satmar, Inc., 31 AD3d 480, 484 [2d Dept 2006] [Spolzino, J., concurring], affd 9 NY3d 297 [2007]), which [*2]is not the issue in the case at bar. Moreover, unlike Rende (131 AD2d at 743), there is nothing unclear about the representations made by plaintiff and the Center at the time of the lease or thereafter.
"The doctrine of equitable estoppel should be applied with great caution when dealing with realty" (Gracie Gardens Owners Corp. v Gracie Gardens Co., 161 AD2d 334, 336 [1st Dept 1990]). Although it may have been reasonable for the Center to rely on plaintiff's representation that it had full power and authority to enter into the lease (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154 [2010]), it cannot be said that it "work[ed] fraud or injustice" for the Center to have a 5-year rather than a 10-year lease (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]). Even if the Center spent $500,000 to renovate plaintiff's building, it was not out of pocket for this sum; instead, it fundraised and entered into subleases. Furthermore, the amounts that the Center spent on renovation reduced its annual rent obligation.
The Center's claim that plaintiff accepted rent through February 2023 is not supported by the record. Plaintiff merely accepted rent through December 31, 2022, i.e., through the end of the initial five-year term.
The Center contends that the court should not have granted a final judgment on the second cause of action (for eviction and possession) because plaintiff failed to name the subtenants. However, the Center lacks standing to argue that the court should have dismissed the action as against the subtenants (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773 [1991] [there is "a general prohibition on one litigant raising the legal rights of another"]). Even if we were to reach the merits, a subtenant is "not a necessary party" to a dispute between a landlord and the prime tenant (see 117-119 Leasing Corp. v Reliable Wool Stock, LLC, 139 AD3d 420, 421 [1st Dept 2016]).
The court did not improvidently exercise its discretion by refusing to let the Center add a counterclaim pursuant to Religious Corporations Law § 12(9), as that counterclaim was "palpably insufficient or patently devoid of merit" (JPMorgan Chase Bank, N.A. v Low Cost Bearings NY Inc., 107 AD3d 643, 644 [1st Dept 2013] [internal quotation marks omitted]). Although a religious corporation may move for an order confirming a lease for which it failed to obtain court approval (see Religious Corporations Law § 12[9]), "no confirmatory order may be granted unless" the Presbytery consents (id.; see also Religious Corporations Law § 12[5-a]). Plaintiff submitted affidavits stating the Presbytery would not consent. We have considered the Center's arguments concerning those affidavits and find them unavailing.
Finally, the court properly dismissed the Center's counterclaim for fraud in the inducement. Plaintiff's contention that paragraph 16 merely represents that nonparty Marsha Flowers, who signed the lease on its behalf, had authority [*3]to do so contradicts the plain language of the contract. However, "intent to commit fraud is to be divined from surrounding circumstances" (Cohen Bros. Realty Corp. v Mapes, 181 AD3d 401,
404 [1st Dept 2020] [internal quotation marks omitted]), and the circumstances in the instant action do not point toward fraud. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024